HILBORN v. PENNSYLVANIA CEMENT CO. (two cases).

(Supreme Court, Appellate Division, First Department.    June 2, 1911.)

1. ATTACHMENT (§ 251*)—ORDER DENYING MOTION TO VACATE—REQUISITES.

A plaintiff obtaining the issuance of an attachment on the complaint and his affidavit is entitled to have the order refusing to vacate the attachment state the fact that he submitted affidavits in opposition to defendant's motion to vacate the attachment, and that the court refused to receive them.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 890–896; Dec. Dig. § 251.*]

2. ATTACHMENT (§ 247*)—MOTION TO VACATE—AFFIDAVITS.

Under Code Civ. Proc. §§ 682, 683, providing that an application to vacate an attachment may be founded only on the papers on which the warrant was granted, or it may be founded on proof by affidavit by defendant and opposed by new proof by plaintiff, it is only where a motion to vacate an attachment is founded on proof by affidavit of defendant that it may be opposed by new proof by affidavit by plaintiff, and where a motion to vacate an attachment was made on the ground that it was irregularly issued, and on insufficient papers, and that the court was without jurisdiction, and where there was no proof by affidavit or otherwise except the affidavit of defendant stating the proceedings in the action, the court properly refused to receive affidavits of plaintiff submitted in opposition to defendant's motion to vacate.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 852–857; Dec. Dig. § 247.*]

3. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—REFUSAL TO RESETTLE ORDER.

The failure to resettle an order refusing to vacate an attachment so as to show that affidavits of plaintiff in opposition to the motion were rejected is not ground for the reversal of the order refusing to resettle where the court on appeal has all the papers before it, and where neither the trial court nor the court on appeal may receive affidavits in opposition to the motion to vacate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4117; Dec. Dig. § 1043.*]

4. BILLS AND NOTES (§§ 153, 235*)—"NEGOTIABLE INSTRUMENT"—LIABILITY OF INDORSER.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) §§ 20, 27, providing that an instrument to be negotiable must be in writing, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

signed by the maker and payable to order or to bearer, and providing that an instrument is payable to order when it is drawn to the order of a specified person, or to him or his order, an instrument whereby a person agrees to pay a specified sum at a designated place without mentioning any person to whom the payment shall be made, or without making the payment to bearer, is not a negotiable instrument, and an indorser thereon incurs no obligation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 389, 561; Dec. Dig. §§ 153, 235.*

For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, p. 7731.]

5. ATTACHMENT (§ 97*)—GROUNDS—AFFIDAVITS.

A complaint which alleged the making of an agreement between defendant and a third person for the rendition of services by the latter to the former, in the manufacture of articles, that the third person performed the services and delivered the articles, that the agreed price had been paid only in part, and that the third person had assigned to plaintiff the claim under the agreement, unsupported by proof except the usual verification on information and belief, does not justify the issuance of an attachment against defendant, under Code Civ. Proc. §§ 635, 636, requiring plaintiff to show by affidavit a specified fact to entitle him to an attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 245–250; Dec. Dig. § 97.*]

Appeals from Special Term, New York County.

Action by Edwin Hilborn against the Pennsylvania Cement Company. From an order denying a motion to vacate a warrant of attachment, defendant appeals, and from an order denying a motion to resettle the order refusing to vacate the attachment plaintiff appeals. Order denying motion to resettle order affirmed, and order denying motion to vacate the attachment reversed.

See, also, 129 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edgar N. Dollin, for plaintiff.
L. Laflin Kellogg, for defendant.

INGRAHAM, P. J. There was presented to a justice of the Supreme Court the summons and complaint and an affidavit of one Hilborn, and upon that complaint and affidavit a warrant of attachment was granted, under which the sheriff has levied upon certain property of the defendant. Subsequently the defendant appeared in the action, and upon an affidavit of the defendant's president which stated the issuing of the summons and complaint, the granting of the attachment, the appearance on the same day of the defendant, that an undertaking had been given discharging the attachment, that the defendant desires to vacate and set aside said attachment on the ground that the same was irregularly issued and on insufficient papers, and that the court was without jurisdiction to grant the same for the reasons stated in the notice of motion, and that no previous application had been made to set aside the attachment. That motion coming on to be heard, the plaintiff claimed the right to sustain the attachment by additional affidavits, and submitted those additional affidavits to the court; that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in reply the court said that it would accept the affidavits and determine whether or not they could be read in opposition to the motion to vacate the attachment. Subsequently the court denied the motion to vacate the attachment, but at the same time held that the affidavits would not be received, and an order was thereupon entered denying the motion without reciting the tender of the additional affidavits by the plaintiff to support the attachment or containing any reference to them. The plaintiff then made a motion to resettle this order, so that the same should recite the papers as read and filed on the motion which resulted in the order, or that the said order contain a recital that the said affidavits were submitted and tendered by plaintiff upon the hearing of the motion and filed, but that the same were not considered by the court. The court denied this motion to resettle the order, and from that order denying the motion to resettle the plaintiff appealed, and the defendant also appealed from the order denying the motion to vacate the attachment, and these appeals were both submitted.

[1, 2] We think the plaintiff was entitled to have the order state the fact that he had submitted these affidavits in opposition to the defendant's motion to vacate the attachment, and that the court had refused to receive them; but we think the court below was clearly right in refusing to receive these affidavits or to consider the facts therein stated upon the motion to vacate the attachment. By section 682 of the Code of Civil Procedure, the defendant or a person who has acquired a subsequent lien upon property after it was attached may at any time before the application of the attached property or the proceeds thereof to a payment of the judgment recovered in an action apply to vacate or modify the warrant. And section 683 provides that an application specified in section 682 may be founded only upon the papers upon which the warrant was granted, in which case it must be made to the court, or if the warrant was granted by a judge out of court to the same judge in court or out of court and with or without notice as he deems proper. Or it may be founded upon proof by affidavit on the part of the defendant in which case it must be made to the court, or, if the warrant was granted by a judge out of court, to any judge of the court upon notice, and it may be opposed by new proof by affidavit on the part of the plaintiff tending to sustain any ground for the attachment recited in the warrant and no other. Under this section, it is only where the motion to vacate the attachment "be founded upon proof by affidavit on the part of the defendant" that it may be opposed by new proof by affidavit on the part of the plaintiff. This motion was made, as expressly stated, both in the notice of motion and in the affidavit which was annexed to the notice of motion, upon the ground that the attachment was irregularly issued and on insufficient papers, and that the court was without jurisdiction to grant the same for the reasons stated in the notice of motion. There was no proof by affidavit or otherwise upon which the motion was made; the affidavit of the defendant's president merely stating the proceedings in the action, and that the motion was made not upon proof, but upon the insufficiency of the papers upon which the attachment was granted.

[3] While we think the trial judge should have resettled the order so as to allow it to appear that these affidavits were actually submitted to him, at the same time as we have the papers all before us on this appeal, it would be a useless ceremony to reverse the order and require a resettlement when neither the court at Special Term nor this court on the appeal would have the right to receive the affidavits in support of the attachment.

We have then to determine whether the court below correctly denied the motion to vacate the attachment. To entitle the plaintiff to a warrant of attachment, he must show by affidavit that one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendant. Code Civ. Pro. § 636, subd. 1. There are two causes of action alleged in the complaint. For a first cause of action plaintiff alleges that on or about March 18, 1910, one Hilborn made and delivered to the defendant his promissory note in writing, a copy of which is set forth in the complaint. That instrument is dated, "New York, Oct. 18, 1910," and is as follows:

"Four months after date I promise to pay Ten hundred forty-four $71/_{100}$ dollars at 23 Wd. Bank. Value received. [Signed] Wm. T. Hookey."

It is then alleged that the defendant thereafter and before maturity indorsed and delivered said note to the Taylor Iron & Steel Company, a corporation duly organized and existing, for value; that at maturity said note was duly presented for payment, but the same was not paid, whereupon it was duly protested for nonpayment, due notice of which was given to the defendant; and that, before the commencement of the action, the Taylor Iron & Steel Company duly assigned and transferred to plaintiff all its right, title, and interest in and to said note and all claims in its favor arising out of the nonpayment thereof. This complaint was verified by the plaintiff, who also made an affidavit upon which the attachment was granted, in which he stated that he had in his possession the promissory note referred to in the first cause of action and also letters written by the defendant to the Taylor Iron & Steel Company, letters written by the Taylor Iron & Steel Company to the defendant, the statement of the said Taylor Iron & Steel Company, admissions made by the defendant in said letters, and statements made to deponent over the long-distance telephone. What these letters and statements were is not stated. Plaintiff was not a party to the transaction.

[4] It is quite clear that this first cause of action alleged in the complaint does not contain a statement of a cause of action against the defendant. The alleged promissory note is an instrument by which Hookey agreed to pay to no person, either an actual person or to bearer, a sum of money. The action is not against the maker of the note but against an indorser. By section 20 of the negotiable instruments law (Consol. Laws 1909, c. 38), it is provided that an instrument to be negotiable must be in writing and signed by the maker, and must be payable to order or to bearer. By section 27 it is provided that an instrument is payable to order when it is drawn to the order of a specified person or to him or his order. It is evident, therefore, that this instrument is not a negotiable instrument (Douglass v.

Wilkeson, 6 Wend. 638; 1 Daniel on Negotiable Instruments [2d Ed.] § 102), and the instrument sued on not being a negotiable instrument an indorser incurred no obligation by his indorsement.

[5] The complaint also contains a second cause of action, but there was no proof by affidavit that such a cause of action exists against the defendant. This second cause of action is to recover damages for the violation of a contract made between the defendant and the Taylor Iron & Steel Company. It is alleged that under this agreement the Taylor Iron & Steel Company between the 1st of June, 1907, and the 27th of February, 1911, rendered services to the defendant in and about the manufacture of certain steel castings, furnished the materials necessary in said work and incidental thereto, and delivered said castings to the defendant. That the agreed price was $9,428.85, no part of which has been paid except $4,251.20 leaving a balance due and owing of $5,177.65. And that the Taylor Iron & Steel Company duly assigned and transferred to the plaintiff all its right, title, and interest in and to the aforesaid claim and cause of action against the defendant. Plaintiff's affidavit makes no reference to this cause of action. There is no evidence before the court that any such contract was made or the terms of the contract or that the castings had been actually delivered, except the bare allegation of the complaint which was verified by the plaintiff, not a party to the contract, with the usual verification on information and belief. There was therefore no proof of the facts upon which this cause of action was based.

It follows, therefore, that the order denying the motion to resettle the order is affirmed, but without costs, and the order denying the motion to vacate the attachment reversed, with $10 costs and disbursements, and motion to vacate the attachment granted with $10 costs. All concur.