### CUTLER v. ALLAVENA. (No. 6682.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. ATTACHMENT (§ 122*)—MOVING PAPERS—DEFECTS—CURING BY ADDITIONAL PAPERS.

Code Civ. Proc. § 768, providing that, when a motion is made to vacate an order or proceeding because of technical defects in the papers on which made, the defects may be supplied nunc pro tunc, permits a plaintiff in attachment to cure defects in the papers on which the attachment was issued, even after motion to vacate the attachment on the original papers.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 323–337; Dec. Dig. § 122.*]

2. ATTACHMENT (§ 122*)—MOVING PAPERS—DEFECTS—CURING BY ADDITIONAL PAPERS.

An order which permits a plaintiff in attachment to file additional affidavits, to cure defects in the original papers, with the clerk, without requiring the submission of the affidavits to the court, to enable it to determine whether the additional affidavits supply the defects, will be reversed.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 323–337; Dec. Dig. § 122.*]

3. ATTACHMENT (§ 122*)—CURING DEFECTS IN MOVING PAPERS—COSTS.

An order allowing plaintiff in attachment to file affidavits to cure defects in the original papers must, as required by Code Civ. Proc. § 768, award costs against him.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 323–337; Dec. Dig. § 122.*]

4. ATTACHMENT (§ 122*)—ADDITIONAL AFFIDAVITS—CORRECTION OF DEFECTS.

The defect in an order allowing plaintiff in attachment to file additional affidavits, to cure defects in the original papers arising from the failure to award costs against him, may be supplied by a modification of the order.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 323–337; Dec. Dig. § 122.*]

Appeal from Special Term, New York County.

Action by Leibe Cutler against Francesco Allavena. From so much of an order granting a motion to vacate a judgment as permits plaintiff to cure defects in the papers on which the attachment was issued by filing with the clerk of the court additional affidavits, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel F. Frank, of New York City for appellant.

Louis B. Boudin, of New York City, for respondent.

SCOTT, J. The plaintiff obtained and caused to be served an attachment against defendant's property within this jurisdiction; the papers upon which the attachment was issued being a complaint and an affidavit of the plaintiff. The complaint sets forth, or undertakes to set forth, a cause of action for damages for breach of warranty concerning merchandise sold by sample. The affidavit reasserts upon plaintiff's own knowledge the material facts stated in the complaint, but does not state in detail how the amount of damages claimed is arrived at, although it is quite apparent, if the allegations of the complaint and affidavit are true, that plaintiff has suffered some damage. The defendant moved to vacate the attachment on the papers upon which it was issued, and the court granted the motion. As the plaintiff does not appeal from this portion of the order, the question of the sufficiency of the original papers is not before us, although, if it were, there would be much doubt whether they were not sufficient. Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167; Kahn v. Hollander, 140 App. Div. 492, 125 N. Y. Supp. 333.

What is brought before us, on the defendant's appeal, is the leave given to plaintiff to cure the defects in the original papers by filing additional affidavits. The order as entered reads as follows:

"Ordered, that the said motion be and the same hereby is granted, and the said warrant of attachment vacated, unless the defects in the original papers upon which the said warrant of attachment was granted with respect to the alleged breach of contract, the details of the damage claimed to have been sustained by the plaintiff herein, be cured by filing with the clerk of the court additional affidavits herein within five days from the service upon the attorneys for the plaintiff of a copy of this order with notice of entry thereof. And it is hereby further

"Ordered, that in the event of the filing by the plaintiff herein, within the said time, of an additional affidavit showing sufficiently the breach of contract and in detail that the plaintiff has sustained the damages, amounting at least to the sum of $1,100, for which amount the said warrant of attachment was issued, that then and in that event the said motion be and the same hereby is in all respects denied."

[1] The authority for permitting defects in the original papers to be supplied must be found, if at all, in the amendment to section 768 of the Code of Civil Procedure, which went into effect on September 1, 1911. Laws 1911, c. 763. That amendment reads as follows:

"Whenever a motion is made to set aside or vacate an order, judgment or decree or any paper filed, or proceeding taken, because of technical defects therein, or because of defects or insufficiencies in the papers or proceedings upon which it was made or entered and such defects or insufficiencies can, without prejudice to intervening rights, be cured or supplied, it shall be the duty of the court to direct upon the hearing of such motion, that such defects or insufficiencies in the order, judgment or decree, or in the papers or proceedings, be cured or supplied nunc pro tunc, awarding against the party in whose order, judgment or decree, or in whose papers or proceedings such defects or insufficiencies appear, costs in favor of the adverse party."

Before that amendment went into effect, a motion to vacate an attachment, based upon the papers on which the attachment was issued,

could be heard only on those papers, and no insufficiencies therein could be supplied by additional affidavits. Section 683, Code Civ. Proc.; Hilborn v. Pennsylvania Cement Co., 145 App. Div. 442, 129 N. Y. Supp. 957. It is insisted by the appellant that the amendment to section 768, above quoted, does not cover the case of a motion to vacate an attachment; his argument being that a warrant of attachment is technically neither an order, judgment, nor decree, nor yet a paper filed or a proceeding taken. In our opinion this contention of the amendment is entirely too technical, and, if accepted, would go far to defeat the very obvious purpose of the amendment.

[2] We cannot, however, approve of the form in which it was attempted to apply the Code provision. By the order appealed from all that plaintiff was required to do, in order to preserve his attachment, was to file additional affidavits with the clerk. This left no one to judge of the sufficiency of those affidavits, except the plaintiff's attorney, or the clerk, who has no judicial authority. While we are of opinion that deficiencies in the original papers can be cured by additional affidavits, even after a motion has been made to vacate the warrant upon the original papers alone, yet it is manifest that such additional affidavits must be submitted to the scrutiny of the court, to the end that it may judicially determine whether or not the deficiencies have in fact been supplied. If necessary, an adjournment of the motion can be had to permit such additional affidavits to be submitted. The order appealed from provides for no such judicial scrutiny.

[3, 4] It may be remarked, in passing, that the order appealed from does not comply with the Code amendment, in that it does not award costs against the party in whose papers the defects and insufficiencies are found to appear. If there were no other defect in the order, however, this omission could be supplied by a modification. The more serious defect above discussed cannot, however, be so supplied, since a reversal of so much of the order as is appealed from will leave it standing as an order vacating the attachment.

The order must therefore be modified, by striking therefrom those portions which defendant calls in question by his appeal, and, as so modified, affirmed, with $10 costs and disbursements to the appellant. All concur.