CALIFORNIA PACKING CORPORATION, Respondent, *v.* KELLY STORAGE AND DISTRIBUTING COMPANY, Defendant, Impleaded with PHŒNIX AND THIRD NATIONAL BANK OF LEXINGTON, KENTUCKY, Appellant.

First Department, June 13, 1919.

Attachment — subsequent lienor — assignee of warehouse receipt — notice to warehouse after attachment — motion by lienor to vacate attachment — papers used thereon — amendments or affidavits to support original papers — hearing — sufficiency of complaint on which attachment granted — failure to allege consideration — sufficiency of allegation of consideration — complaint upon executory liability.

One to whom a non-negotiable warehouse receipt has been assigned is a subsequent lienor within the meaning of section 682 of the Code of Civil Procedure where notice of the transfer is not given to the warehouse until after the granting and levy of an attachment on the receipted goods.

A motion by a subsequent lienor to vacate an attachment must be determined upon the papers upon which the attachment was granted, and an additional affidavit cannot be allowed to be furnished in support of the

attachment, and a defect in the complaint cannot be cured by an amendment.

On such a motion the court will not consider the sufficiency of the papers with less care than it would upon the trial of the action as the issue is between the plaintiff and a third party whose rights will be cut off if the attachment is held to be good.

A complaint in an action on which a warrant of attachment was granted alleging, as a consideration of such cause of action, that " on or about the 27th day of November, 1917, plaintiff drew a draft upon the defendant for the sum of Two thousand and 83 /100 ($2000.83) dollars, payable May 23rd, 1918, that thereafter and for a valuable consideration the defendant duly accepted said .draft and agreed to pay the same," *held*, insufficient to support the attachment because, *first*, the allegation that, for a valuable consideration, the defendant duly accepted said draft and agreed to pay the same, is a conclusion of law and is not a sufficient statement of a consideration in a pleading, and, *second*, there was no allegation in the complaint that the draft was drawn to order or to bearer, which is essential to negotiability, so that there is no presumption of consideration by reason of the form of the draft, and, *third*, inasmuch as the draft was not shown to be a negotiable draft, the acceptance does not import a consideration.

A complaint upon any executory liability must show either expressly or impliedly that liability was assumed *upon consideration*.

APPEAL by Phœnix and Third National Bank of Lexington, Kentucky, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of March, 1919, denying its motion to vacate a warrant of attachment secured by the plaintiff against the defendant Kelly Storage and Distributing Company and to set aside an attempted levy thereunder.

*H. H. Nordlinger* of counsel [*Nordlinger & Riegelman*, attorneys], for the appellant.

*Lyle Evans Mahan* of counsel [*Kendall & Herzog*, attorneys], for the respondent.

SMITH, J.:

On July 13, 1917, the Phœnix Bank of Lexington, Ky., made a loan of $6,500 to the defendant, the Kelly Storage and Distributing Company. As security for this loan the Kelly Company transferred to the bank a non-negotiable receipt of a warehouseman in the city of New York, covering

the merchandise in question. The bank gave no notice of the transfer of this warehouse receipt to the warehouse before August 10, 1918, at which time the plaintiff, claiming to have a cause of action against the defendant for some $2,000, obtained and levied a warrant of attachment upon the same goods.

Under section 115 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as added by Laws of 1911, chap. 571), as well as under section 126 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25), it is provided that a person to whom such a document has been transferred may notify the warehouseman of its ownership of such receipt and acquire the direct obligation of the warehouseman to hold possession of the goods for the transferee, and it is further provided: " Prior to the notification of such bailee by the transferror or transferee of a non-negotiable document of title, the title of the transferee to the goods and the right to acquire the obligation of such bailee may be defeated by the levy of an attachment or execution upon the goods by a creditor of the transferror." The same provision, with varying phraseology, occurs in both sections of the statutes noted. Subsequent to the levy of the attachment the bank gave notice to the warehouse of its assignment.

This motion was made by the Phœnix Bank to vacate that attachment upon the ground that the papers were insufficient to authorize the granting of the same. The motion was opposed at Special Term upon two grounds: *First*, that the Phœnix Bank was not a subsequent lienor within section 682 of the Code of Civil Procedure and, therefore, could not properly make the motion. That section provides: " The defendant, or a person who has acquired a lien upon, or interest in, his property, after it was attached, may * * * apply to vacate or modify the warrant." But the Phœnix Bank did not acquire a lien upon the property until notice of the transfer was given to the warehouse, which was subsequent to the granting and levy of the attachment. I am of opinion, therefore, that the Phœnix Bank has a standing in court to question the sufficiency of the papers upon which the attachment was granted.

Upon the question whether those papers were sufficient

the Code provision is that the papers upon which the warrant was granted must show that the plaintiff has one of the causes of action specified in the statute. (See Code Civ. Proc. §§ 635, 636, 683.)   The allegations of the complaint claimed to show the consideration of such a cause of action are contained in the 3d and 4th paragraphs which read as follows:

" *Third.* That on or about the 27th day of November, 1917, plaintiff drew a draft upon the defendant for the sum of Two thousand and 83/100 ($2000.83) dollars, payable May 23rd, 1918.

" *Fourth.* That thereafter and for a valuable consideration defendant duly accepted said draft and agreed to pay the same."

Before discussing these provisions of the complaint, it is well to note, in the first place, that this is not a case where the defect can be cured by amendment.   The motion is made upon the papers upon which the attachment was granted. An additional affidavit cannot be allowed to be furnished in support of the attachment.   (*Hilborn* v. *Pennsylvania Cement Co., Nos. 1 & 2,* 145 App. Div. 442; *Ladenburg* v. *Commercial Bank,* 87 Hun, 269; affd., 146 N. Y. 406; *Lewisohn* v. *Kent & Stanley Co.,* 87 Hun, 257, 262; *Trow's Printing, etc., Co.* v. *Hart,* 85 N. Y. 500; *Steuben County Bank* v. *Alberger,* 75 id. 179.)   Moreover, section 768 of the Code, as amended by chapter 763 of the Laws of 1911, provides that whenever a motion is made to set aside an order, judgment or decree, for defects in papers or proceedings upon which it was made and such defects can, " *without prejudice to intervening rights,* be cured or supplied," those defects may be cured by affidavit *nunc pro tunc.*   After the granting of this attachment the Phœnix Bank served upon the warehouse its assignment of the interest of the Kelly Company, so that this attachment must stand, if at all, upon the original papers.   The respondent makes no other claim in this case and does not attempt to fortify its position in any way by an amendment of the papers upon which the attachment was granted.

Again, this is not a case in which the court will consider the sufficiency of the papers with less care than it would upon the trial of the action, because the issue here is not between the plaintiff and the defendant in the case, between

whom amendment of the pleadings may, with the court's permission, be made, but between plaintiff and a third party, whose rights have been cut off, if the plaintiff's attachment be held good.

As to the allegation in the 4th paragraph, that, for a valuable consideration, the defendant duly accepted said draft and agreed to pay the same, this Department has held in *Neukirch* v. *McHugh* (165 App. Div. 406) that this statement of consideration is simply a conclusion of law and is not a sufficient statement of a consideration in a pleading. This case follows other cases in this Department. (See *Fulton* v. *Varney*, 117 App. Div. 572; *Browning, King & Co.* v. *Terwilliger*, 144 id. 516; *Czerney* v. *Haas*, Id. 430.)

In *St. Lawrence County National Bank* v. *Watkins* (153 App. Div. 551) the Third Department held that such a statement of consideration was sufficient, refusing to follow the rule as laid down in this Department. Thereafter this Department in the *Neukirch Case* (*supra*) with that decision in mind has deliberately concluded to adhere to its former rulings until the Court of Appeals should hold otherwise. For the sake of uniformity of decision, while sitting in this Department, we should follow the determination thus announced and hold that the 4th paragraph of the complaint does not sufficiently state a consideration for the acceptance of the draft to make a binding contract upon which liability can be predicated. The plaintiff is then compelled to rely upon the allegations in the 3d paragraph, to wit, that the plaintiff drew a draft upon the defendant for the sum of $2,000.83, payable May 23, 1918. The argument of the plaintiff is that a draft is, in fact, a bill of exchange and that a bill of exchange is defined in the Negotiable Instruments Law, by section 210, as " An unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money *to order or to bearer*." (See Gen. Laws, chap. 50 [Laws of 1897, chap. 612], § 210, as amd. by Laws of 1898, chap. 336; Consol. Laws, chap. 38 [Laws of 1909, chap. 43], § 210.) And it is further declared that a negotiable instrument is presumed to have been given upon

sufficient consideration.    It is then argued that as the Negotiable Instruments Law recognizes negotiable and non-negotiable promissory notes and does not recognize non-negotiable bills of exchange, and inasmuch as a draft is, in fact, a bill of exchange, the allegation is equivalent to an allegation of the giving of a negotiable instrument which is presumed to have been given upon sufficient consideration. It is further contended that there is no such instrument now as a non-negotiable bill of exchange or a non-negotiable draft. A draft is not defined in the Negotiable Instruments Law. To sustain the plaintiff's contention, therefore, we must assume that the allegation of the giving of a draft for a certain amount payable at a certain time is equivalent to an allegation of a bill of exchange for a certain amount payable at a certain time " to order or to bearer."

As I view it this proposition states a *non sequitur*.    Prior to the Negotiable Instruments Law a bill of exchange might be either negotiable or non-negotiable.    A draft might be either negotiable or non-negotiable.    In *Evansville National Bank* v. *Kaufmann* (93 N. Y. 280) Chief Judge RUGER says: " Drafts, as used in the collection of debts, are not usually negotiable." In *Baer* v. *English* (84 Ga. 403, 406), quoting the *Evansville* case, it is said: " The word ' draft ' does not necessarily or even usually imply negotiability."    In *Brill* v. *Tuttle* (81 N. Y. 454, 462) the court said: " It is whether the draft is drawn upon the general credit of the drawee, or upon a particular fund.    When the language is ambiguous, and the order not negotiable, as in the present case, the attendant circumstances may be shown to determine the intention and understanding of the parties." There is no allegation in the complaint from which we may assume that this draft was drawn to order or to bearer, which is essential to negotiability, so that there is no presumption of consideration by reason of the form of the draft.    If then, as has been consistently held in this Department, the statement that the draft was drawn or accepted for a valuable consideration, be deemed a statement purely of a conclusion of law, then there is nothing in the papers to show that there was any consideration for the liability claimed in the attachment action and, therefore, not sufficient allegations to sustain the attachment.

It is further urged that there was here alleged to have been an acceptance upon a valuable consideration, and that whether or not there was a valuable consideration running to the acceptor, the acceptor, even though an accommodation acceptor, would be liable upon the draft.

In the first place there is no contention on the part of the respondent that the acceptance itself implied consideration, unless the draft itself as set forth were a negotiable draft. In the second place, inasmuch as the draft is not shown to have been a negotiable draft, the acceptance does not import consideration any more than the signature of a promissory note, not negotiable, imports consideration.   In 7 Cyc. (p. 690) the text reads: " Like other contracts each undertaking of any party to a negotiable bill or note requires the support of a valid consideration.   This is true alike as to maker, drawer, guarantor, surety, accepter and indorser."   I think it will not be questioned that a complaint upon any executory liability must show either expressly or impliedly that liability was assumed *upon consideration.* It is perfectly true that the consideration need not pass to the acceptor who may be only an accommodation acceptor, but there must be an allegation, express or implied, of a consideration passing to some one to make an enforcible agreement.  If, as appears here, this be not a negotiable instrument, the only allegation of consideration is in the words " for a valuable consideration," and within the decisions in this Department, those words are not sufficient to state a consideration.

If these views be correct, the conclusion follows that the attachment must be vacated for failure of the plaintiff to allege facts constituting any liability to the plaintiff from the Kelly Storage and Distributing Company.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.