Thor Dahl, Plaintiff, v. Scandinavian Trust
Company, Defendant.

(Supreme Court, New York·Special Term, July, 1919.)

**Pleading — when complaint demurrable for insufficiency ,— when
motion for judgment on pleadings denied — ships and
shipping.**

> A complaint alleging that, for a valuable consideration pass-
> ing to and to pass from plaintiff to defendant as provided in a
> contract not set forth in the complaint, defendant agreed to
> advance funds necessary for the repairs, supplies of provisions,
> coal and other expenses necessary to prepare a vessel belonging
> to plaintiff then at the port of New York for a voyage to Nor-
> way is demurrable for insufficiency, and a motion by plaintiff
> for judgment on the pleadings will be denied with leave to
> amend.

Motion by the plaintiff for judgment on the
pleadings.

John K. Berry, for motion.

Simpson, Thacher & Bartlett (Julius F. Workum,
of counsel), opposed.

Giegerich, J. The defendant has demurred to the
complaint for insufficiency, and the plaintiff has
moved for judgment on the pleadings. The agree-
ment alleged in the complaint is that " the plaintiff
entered into an agreement with the defendant whereby
the defendant, for a valuable consideration passing to
and to pass from the plaintiff to the defendant, as
therein provided, agreed " that it would advance
funds necessary for the repairs, supplies of pro-
visions, coal and other expenses necessary to prepare
a vessel of the plaintiff's then at the port of New York

for a voyage to Norway. The defendant claims that the words " for a valuable consideration " express a conclusion of law, and that the complaint is for that reason fatally defective, citing *Neukirch* v. *McHugh,* 165 App. Div. 406; *White* v. *Western Union Tel. Co.,* 153 id. 684, and *California Packing Corpn.* v. *Phœnix & Third Nat. Bank of Lexington, Ky.,* 188 App. Div. 475. The attorney for the plaintiff does not attempt to dispute that in this department the decisions are that the words " for a valuable consideration," standing alone, are an insufficient allegation of consideration, but attempts to rely upon the further words " passing and to pass from the plaintiff to the defendant as therein provided." I cannot see, however, that these words add anything to the allegation. In *White* v. *Western Union Tel. Co., supra,* the allegation under consideration was " plaintiffs, for a valuable consideration, delivered the following cable to the defendant to be sent." The court pointed out that literally this allegation meant that the defendant gave the plaintiff something of value for the privilege of sending the cablegram, but then went on to say that if the allegation were to be treated, as it doubtless was intended, as setting forth a consideration paid to the defendant, it was insufficient because of the failure to state that the consideration was the payment of the usual charges, and further said: " The allegation ' for a valuable consideration ' is not the statement of fact but a conclusion of law." It is plain, therefore, that the additional words " passing and to pass from the plaintiff to the defendant " do not distinguish this case from the cases passed upon by the Appellate Division. Neither do I think the use of the words " as therein provided " has that effect. In *Owens* v. *Blackburn, No. 1,* 161 App. Div. 827, the Appellate Division of this department held that where

the instrument sued upon was set forth in full in the complaint, the words " value received " in the body of the note constituted an admission that the instrument was issued for a sufficient consideration, although it was not made payable to bearer or order, and was therefore non-negotiable within the meaning of our Negotiable Instruments Law. In the present case, however, the contract is not set forth in the complaint verbatim, if, indeed, the contract was in writing, and I do not think it is a fair construction to place upon the words " as therein provided " that they mean that the contract itself recited that it was based upon a valuable consideration, thus bringing this case within the principle of *Owens* v. *Blackburn, No. 1, supra,* and making the complaint good against demurrer on the theory that the contract itself admitted that it was based upon sufficient consideration. In attempted support of the complaint it is also argued that the allegations that the plaintiff made this agreement and relied upon it to provide funds required for the discharge of the cargo and its care and protection, and to speedily prepare the boat for sea, by reasonable inference allege that the plaintiff did not make the provision for the furnishing of said funds by himself, or by anyone else, and therefore left all this valuable property dependent upon the promise and agreement of the defendant to advance the funds as agreed. From this it is further argued that such a change of position on the part of the plaintiff was a sufficient consideration for the promise and agreement on the part of the defendant, citing *Rector, etc.,* v. *Teed,* 120 N. Y. 583. It is true that one form of consideration which the law recognizes is a consideration that may be a detriment to the promisor, although of no benefit to the promisee, but in such a case the changing of one's position or the doing some other

act of detriment must be stipulated in the agreement as the consideration, and must be done at the instance of the promisor; otherwise any contract void in its inception for want of consideration would be made valid by a subsequent act of the promisee in reliance on the gratuitous promise. The motion should be denied, with ten dollars costs, with leave to the plaintiff to amend his complaint within twenty days after the service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs.

Ordered accordingly.