Alan H. Colcord, Plaintiff, *v.* Banco de Tamaulipas, Defendant.

In the Matter of an Application by William H. J. Ehler, Respondent, a Junior Attaching Creditor, for an Order Vacating the Attachments Obtained by Alan H. Colcord, Appellant, against Banco de Tamaulipas in the Above-Entitled Action.

First Department, March 5, 1920.

**Attachment — grounds on which senior attachment will be vacated at instance of junior attaching creditor — irregularities in papers not sufficient — when senior attachment will not be vacated because affidavit on information and belief.**

In the absence of fraud or collusion, only defects which are jurisdictional and which so affect the proceedings as to make them a nullity are available to a junior attaching creditor who seeks to set aside a prior attachment; such creditor cannot move as a defendant can, upon the existence of irregularities in the papers.

Section 682 of the Code of Civil Procedure, providing that " the defendant, or a person who has acquired a lien upon or interest in his property after it was attached, may   * * *   apply to vacate or modify the warrant

* * *," was intended merely to state the existing law and did not confer any new rights on a junior attaching creditor.

A senior attachment will not be vacated at the instance of a junior attaching creditor on the ground that the affidavit in the senior attachment proceedings stated upon information and belief that the defendant was a foreign corporation without giving the grounds of the affiant's information and belief, where it is stated that the defendant admitted in its answer that it was such foreign corporation and the allegations as to the nature of the cause of action and the amount due were stated positively, and it appears also that the senior attachment was issued with the consent of the defendant.

Where the question arises between two attaching creditors as to which shall have priority, if it appears presumptively that the plaintiff has a cause of action, such as is specified in section 635 of the Code of Civil Procedure, and that the defendant is a foreign corporation, the plaintiff, being prior in time, has the prior right, unless it appear that his preference has been secured by fraud or collusion. If there are two theories sufficiently alleged upon which a recovery for the plaintiff may be sustained, it is immaterial that there are others that are not so stated.

APPEAL by Alan H. Colcord from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1918, vacating an attachment on motion of a junior attaching creditor.

*Francis X. Hennessy* of counsel [*Wood, Molloy & France,* attorneys], for the appellant.

*John Patrick Walsh* of counsel [*Walsh & Young,* attorneys], for the respondent.

PAGE, J.:

The majority of this court held that the amended complaint in this case as to the first and second causes of action was insufficient upon demurrer and gave the plaintiff leave to amend. (*Colcord* v. *Banco de Tamaulipas,* 181 App. Div. 295.) The plaintiff obtained an order for the defendant to show cause why he should not be allowed to serve a new warrant of attachment covering the additional causes of action set forth in the proposed second amended complaint. This motion was granted, the attorney for the defendant appearing and consenting in open court, and a new warrant of attachment was granted. The original complaint stated four causes of action based upon two drafts: one for 5,000 Mexican dollars and the other for

6,500 Mexican dollars. The first warrant of attachment was granted upon this complaint. An amended complaint was served which stated six causes of action, but still based upon the two drafts, presenting four different theories of liability on the first draft and two on the second. The prayer for judgment was for the same amount specified in the original complaint. There were, therefore, but two debts alleged to be due to which the attached property would be applied.

William H. J. Ehler obtained two warrants of attachment subsequent to the issuance of the plaintiff's second warrant and moved to vacate both of plaintiff's warrants, which motion was granted upon the ground that the affidavit upon which the attachment was granted was made solely on the information and belief of the plaintiff who was the assignee of the causes of action without a disclosure of the source of his information.

The motion to vacate the attachment was not made by a party to the action, but was made by a subsequent attachment creditor. It is well settled that the same objections that may be made by a defendant, and urged on a motion to vacate are not open to a subsequent attachment creditor. Originally there was considerable doubt as to whether an attachment creditor could move to vacate a prior attachment levied upon the same property. The Code of Procedure (§§ 240, 241) provided that the motion to vacate could be made by the defendant, and yet the courts held that a subsequent attachment creditor, as one having a lien upon or interest in the property attached, could move to vacate on the grounds of lack of jurisdiction, fraud or collusion, which so affect the proceedings as to render them a nullity; but that such creditor could not move as a defendant could, upon the existence of irregularities in the papers. (*Matter of Griswold*, 13 Barb. 413; *Isham* v. *Ketchum*, 46 id. 43; *Frost* v. *Mott*, 34 N. Y. 253, 255.) Section 682 of the Code of Civil Procedure provides that "the defendant, or a person who has acquired a lien upon or interest in his property after it was attached, may * * * apply to vacate or modify the warrant * * *." This section was not intended to do more than declare the existing law and set at rest the doubt that had been raised by the early decisions. It was not intended to confer any new right on the attachment creditor. (*Jacobs* v. *Hogan*, 85 N. Y. 243, 245.) The same

limitation on the right of the subsequent attachment creditor obtains under section 682, as formerly existed.   As Chief Judge ANDREWS said: "It, however, is fully established by authority that mere irregularities in attachment proceedings give no standing to subsequent attaching creditors to set aside a prior attachment.   In the absence of fraud or collusion only defects which are jurisdictional and which so affect the proceedings as to make them a nullity, are available to a subsequent lienor who seeks to set aside a prior attachment. Irregularities may be waived by the party, and third persons cannot be heard to allege defects in the proceedings which do not concern the substance of the right." (*Van Camp* v. *Searle,* 147 N. Y. 150, 160.  See, also, *Haebler* v. *Bernharth,* 115 id. 459, 463.)

There is no pretense of fraud or collusion; the sole ground assigned by the learned justice at Special Term for vacating the writ is the failure in the affidavit to show the grounds of the affiant's information and belief.   This is not a jurisdictional defect, one that renders the attachment void, so that the same could be disregarded with impunity, but is merely an irregularity.

The jurisdictional facts that must appear are, *first,* that the cause of action is one of those specified in section 635 of the Code of Civil Procedure; *second,* that the plaintiff is entitled to recover a sum stated in his affidavit over and above all counterclaims known to him; *third,* that the defendant is a foreign corporation.   (Code Civ. Proc. § 636.)   It appears in this case that the causes of action were to recover sums of money only, arising out of a breach of contract express or implied; that the sum of $3,865 with interest is due from defendant to plaintiff over and above all counterclaims known to the plaintiff; that the defendant was a foreign corporation.   These facts are not alleged in the affidavit to be made on information and belief, except that the defendant is a foreign corporation duly organized and existing under the laws of the Republic of Mexico.   This, however, is followed by the statement that the "defendant has admitted this in his answer to plaintiff's complaint herein now on file in this court."   He states that he is the owner and holder of the two drafts or bills of exchange.

First Department, March, 1920.     [Vol. 191.

While it may be that there are irregularities which might have been taken advantage of by the defendant, if it had moved to vacate, the court on the motion to vacate could have allowed the deficiencies to be supplied by additional affidavits. (Code Civ. Proc. § 768, as amd. by Laws of 1911, chap. 763; *Cutler* v. *Allavena,* 165 App. Div. 422.) Furthermore, these irregularities could be and were expressly waived by the attorney for the defendant, who in open court consented to the issuance of the second attachment. It is recognized that a seizure of a defendant's property by attachment is a severe remedy authorizing the seizure of goods before an adjudication of the rights of the parties; therefore, when a defendant challenges the sufficiency of the papers upon which the warrant is granted, the court will closely scrutinize them in order to see not alone that the jurisdictional facts are stated but that facts are stated which tend to establish a *prima facie* case entitling the plaintiff to recover. When, however, the question arises as between two attaching creditors, as to which should have the priority, an entirely different consideration appears. In such a case, if it appears presumptively that the plaintiff has a cause of action, such as specified in section 635 of the Code of Civil Procedure, and that the defendant is a foreign corporation, the plaintiff, being prior in time, has the prior right, unless it appear that his preference has been secured by fraud or collusion with the defendant.

The appellant specifically objects to the sufficiency of the statement of the first and second causes of action. The other four are assailed on the ground that allegations which in a pleading may be made upon information and belief, are insufficiently stated in the affidavits because the sources of information and the grounds for belief are not specifically alleged. If there are two theories sufficiently alleged, upon which a recovery for the plaintiff could be sustained, it is immaterial that there are others that are not so stated.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.