AMERICAN MERCHANT MARINE INSURANCE COMPANY, Appellant,
v. FORSIKRINGS-AKTIESELSKABET " NORDEN," Defendant.
WASHINGTON MARINE INSURANCE COMPANY, Respondent.

First Department, May 27, 1921.

**Attachment — motion by junior attaching creditor to vacate prior attachment — sufficiency of moving papers — ground on which prior attachment will be vacated — papers not so closely scrutinized as when motion made by owner of property attached.**

The right of a junior attaching creditor to move to vacate a prior attachment depends on his having a valid lien upon the attached property, and so the moving papers of the junior attaching creditor herein were fatally defective in that they did not contain a copy of the junior warrant, nor the complaint or affidavit upon which it was issued.

Furthermore, when a junior attaching creditor is moving to vacate a prior attachment, the question presented, in the absence of fraud or collusion, is, are there such jurisdictional defects as to render the prior attachment proceedings a nullity, and since the papers upon which the plaintiff's attachment was granted were clearly sufficient that attachment could not be vacated on a motion by a junior attaching creditor.

On a motion by a junior attaching creditor to vacate a prior attachment the complaint and affidavits on which the prior attachment was granted are not so closely scrutinized as when the motion is made by the defendant whose property was attached.

APPEAL by the plaintiff, American Merchant Marine Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of April, 1921, granting a motion of the respondent, a subsequent attaching creditor, to vacate plaintiff's warrant of attachment.

*Charles H. Stoll* of counsel [*Douglas C. Lawrence* with him on the brief], for the appellant.

*Joseph Thurlow Weed* of counsel [*William Otis Badger, Jr.,* attorney], for the respondent.

PAGE, J.:

The defendant Forsikrings-Aktieselskabet " Norden " is a foreign corporation created and existing by and under the laws of the Kingdom of Denmark, and not authorized to carry on an insurance business in the State of New York.

The plaintiff and defendant entered into an agreement in writing at Copenhagen, Denmark, whereby the defendant agreed to reinsure the plaintiff on part of all of its marine and war risk insurance, upon the terms and conditions therein specified; and as security for due performance of the obligation of the agreement by the defendant, and to provide the legal reserve required by the Insurance Department, the defendant agreed to maintain at all times, in the hands of the plaintiff, a sum equal to the first three months' gross premiums, less certain brokerage, discounts and expenses stipulated in the agreement.

The complaint alleges that this amounted to $41,681.01, which sum was duly received by plaintiff from the defendant. Subsequent to the making of the agreement losses were sustained on risks insured by the plaintiff and reinsured by the defendant. Plaintiff demanded of the defendant that it pay to plaintiff its share of the said losses, amounting to the sum of $40,125.70. Defendant failed and neglected to pay same. The plaintiff was thereupon compelled to pay same and by December 31, 1920, plaintiff had expended on behalf of defendant in payment of said losses and for defendant's account the sum of $40,125.70. By these payments the security reserve fund was depleted by said amount. The legal reserve required by the Insurance Department of the State of New York on estimated losses on that portion of the risks insured by the defendant on December 31, 1920, was the sum of $46,065.20. The defendant was indebted to the plaintiff on that date in the sum of $40,125.70 with interest from December 31, 1920.

Upon a complaint stating these facts and an affidavit of the vice-president and treasurer of the plaintiff verifying the same upon the affiant's knowledge, and also stating that the defendant was a foreign corporation and that the amount of $40,125.70 was due from the defendant to the plaintiff over and above all counterclaims known to the plaintiff, a warrant of attachment was issued to accompany the summons, and the attachment was levied.

Thereafter the Washington Marine Insurance Company commenced an action against the same defendant and levied an attachment on the property of the defendant and moved to vacate the attachment herein. The motion papers do not contain a copy of the junior warrant, nor the complaint or

affidavit upon which it was issued. We are informed by the affidavit of its vice-president that the Washington Marine Insurance Company has commenced an action against the defendant to recover the sum of $21,753.04 because of the failure of the defendant to pay to the plaintiff certain sums due under a written contract of reinsurance, which sums thereafter became and now are an account stated.

The right of a junior attaching creditor to move to vacate a prior attachment depends on his having a valid lien upon the attached property. It is, therefore, necessary for him to present as a part of his motion papers the papers upon which his own attachment is founded. (*Tim* v. *Smith*, 93 N. Y. 87, 91.) The respondent having failed to prove that it had a valid attachment, its motion should have been denied.

Furthermore, when a junior attaching creditor is moving to vacate a prior attachment, the question presented, in the absence of fraud or collusion, is, are there such jurisdictional defects as to render the prior attachment proceedings a nullity? (*Van Camp* v. *Searle*, 147 N. Y. 150, 160; *Haebler* v. *Bernharth*, 115 id. 459, 463; *California Packing Corp.* v. *Kelly Storage & Distributing Co.*, 228 id. 49, 53; *Colcord* v. *Banco de Tamaulipas*, 191 App. Div. 94.) We have recently pointed out what the necessary jurisdictional facts are, and also that the complaint and affidavits are not so closely scrutinized on such a motion as when the motion is made by the defendant whose property was attached. (*Colcord* v. *Banco de Tamaulipas, supra.*) By these tests the papers upon which the plaintiff's attachment was granted are clearly sufficient. Therefore, even if the moving party's papers had not been fatally defective, the motion should have been denied.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.