KAHN v. HOLLANDER et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. ATTACHMENT (§ 105*)—AFFIDAVITS—DAMAGES.

An affidavit for attachment in an action for breach of contract, which sets forth the contract to dye skins, and which avers the particulars in which 2,000 skins were damaged, because they were not dyed in a fast color, and because they were burned and torn, and contained black spots, by reason of which they were unmerchantable, sufficiently alleges the damages to support an attachment.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 105.*]

2. ATTACHMENT (§ 122*)—AFFIDAVITS—AMENDMENTS.

Where the affidavit for attachment in an action for breach of contract fails to allege the method used in arriving at the computation of damages, the court, as against a motion by defendant to vacate the attachment, should permit the filing of a supplemental affidavit, as the defect does not affect the jurisdiction of the court.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 323–337; Dec. Dig. § 122.*]

Appeal from Trial Term, New York County.

Action by Louis J. Kahn against Adolph Hollander and another. From an order of the Special Term (124 N. Y. Supp. 1071), vacating an attachment and denying motion for reargument and to amend the attachment affidavit, plaintiff appeals. Reversed.

See, also, 125 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

David Bernstein, for appellant.
Milton M. Goldsmith, for respondents.

DOWLING, J. Appeal from an order vacating, upon the original papers, a warrant of attachment heretofore granted herein. Plaintiff obtained an attachment against the defendants on the ground of their nonresidence, upon an affidavit setting forth that he was in the business of importing and selling furs and skins, and that at the city of New York, on March 21, 1910, the defendants, who were copartners in business, entered into an agreement with the plaintiff whereby they agreed to dye and dress 4,508 raw marmot skins in a mink or brown color, such dye to be a fast dye and the skins to be otherwise turned out and delivered in perfect condition, the work in other respects to be in every way performed in a good and workmanlike manner; that the plaintiff agreed to pay the defendant for such dressing and dyeing at the rate of 14 cents per skin, and delivered to the defendants in pursuance of such agreement 4,508 marmot skins. The appellant then

———
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set forth that on May 7, 1910, the defendants, in pretended compliance with such agreement, returned to plaintiff 4,300 skins out of those delivered to them, upon examination of which by plaintiff he discovered that 2,000 thereof were improperly dyed and dressed, in that they contained black spots, were burned and damaged by being torn, and that the dyeing and dressing done by the defendants were performed in an improper and unworkmanlike manner, and that the skins, in the condition in which they were returned, are unmerchantable. Plaintiff further states that he had refused to accept the skins so dyed and dressed as a compliance with the defendants' agreement. He then avers:

"That by reason of the foregoing I have been damaged upon said 2,000 raw marmot skins at the rate of 75 cents per skin, amounting to the sum of $1,500."

He then further sets forth that there is due him from the said defendants the sum of $1,500, and that they are justly indebted to him in the said sum by reason of the breach of the express contract hereinbefore as set forth, in that the said skins were not dyed in a fast color, and that said skins are burned and torn, and contain black spots, by reason of which they are wholly unmerchantable, and that the said sum of $1,500 is due from the defendants over and above all counterclaims known to plaintiff.

The warrant of attachment was vacated, upon the ground that the affidavit did not sufficiently show the method by which the plaintiff fixed the amount claimed as damages, and for aught that appears it might be an arbitrary sum. This objection does not seem tenable. The plaintiff sets forth the contract between him and the defendants, and specifically points out the respects in which they are claimed to have violated the contract. He enumerates the particulars in which the 2,000 skins were damaged, namely, they were not dyed in a fast color, they were burned and torn, and they contained certain black spots, by reason of all of which they are unmerchantable. The reasonable interpretation of the clause alleging the damage is that, by reason of the breach of the contract by the defendants, the plaintiff has been damaged in the sum of $1,500, which is the amount of the damage done to the 2,000 skins, which were damaged in the sum of 75 cents each.

The validity and sufficiency of this affidavit would appear to be established by the opinion in Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167. In that case the complaint upon which the attachment was granted set forth a cause of action on contract for the breach of a warranty on the sale of beans. It alleged that between certain dates plaintiff had bought of the defendants 1,000 bags of beans, to be shipped from France; that defendants warranted that the beans should be of a kind and quality equal to the sample furnished at the time of the purchase; that the beans delivered under the contract were of a kind and quality not equal to the sample, but greatly inferior thereto; that by reason of the breach of the warranty plaintiff was damaged in the sum of $1,064.51. The affidavit contained no further particulars of

the damage. The particular objection urged against the attachment was that no facts were shown upon the papers from which it could be seen that the plaintiff had sustained damages from the breach of the warranty in the sum of $1,064.51, or, indeed, in any amount, beyond nominal damages. The court held that, while the complaint did not distinctly show upon its face that under the rule of damage applicable the damages would be the sums stated, "it cannot be supposed that beans greatly inferior in quality to those warranted would be worth but a nominal amount, less than beans of greatly superior kind and quality. The difference in the value of different kinds of merchandise is in very many, perhaps in most, cases mere matter of opinion. The allegation in the complaint that the damages were the sum stated is an averment of the fact in form, not really of the opinion of the plaintiffs, that the damages were so much, and this they verify"; and the court held that, while the complaint and affidavit were very general and open to criticism, they did tend to show a cause of action on contract and a liability of the defendants to the amount stated, and this was sufficient to sustain the attachment.

In this case, not only are the allegations fuller than they were in the Haebler Case, but any inference that nominal damages were recoverable is rendered impossible by the statement that the goods, upon which the sum of 14 cents per skin was to be expended for dyeing and dressing, were rendered unmerchantable by their defects after such dyeing and dressing, and it cannot be supposed that the difference between skins properly dressed at an agreed expense of 14 cents each and those so improperly dyed and dressed as to be unmerchantable would be nominal only.

This motion to vacate was made by the defendants, and not by a subsequent attachment creditor, and, even if the court had deemed a further allegation of the method used in arriving at the computation of damages necessary, it should have permitted the filing of the supplemental affidavit tendered, as the defect claimed to exist did not affect the jurisdiction of the court, but merely went to the substance of the plaintiff's case, under which circumstances, it has been heretofore held, amendment of the affidavit may be permitted.

The order appealed from should therefore be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate the warrant of attachment denied, with $10 costs. All concur.