LLOYD BIRDSALL, Appellant, *v.* WILLIAM E. READ and EDWIN
M. GARRISON, Individually and as Copartners Doing
Business under the Firm Name and Style of READ &
GARRISON, Respondents.

Second Department, May 16, 1919.

**Sale — action upon assigned claim for goods sold and delivered —
erroneous instruction to jury — set-off not provable under plea
of payment.**

In an action upon an assigned claim for goods sold· and delivered, it is
reversible error for the court to charge that if the assignment to plaintiff
was not made in good faith, but for the purpose of defeating defendants'
counterclaim or to avoid giving a bond for costs, or for any other unlawful
purpose, they must find a verdict for defendants, because such charge
submitted to the jury the motive of the assignor, whereas the only question
was whether the assignment passed the legal title and upon this point
the evidence was conclusive.

A set-off is the subject of counterclaim and cannot be proved under a plea
of payment.

APPEAL by the plaintiff, Lloyd Birdsall, from a judgment
of the Supreme Court in favor of the defendants, entered in
the office of the clerk of the county of Westchester on the
30th day of April, 1917, upon the verdict of a jury, and
also from an order entered in said clerk's office on the 21st
day of May, 1917, denying plaintiff's motion for a new trial
made upon the minutes.

*Eugene F. McKinley* [*Vine H. Smith* with him on the brief],
for the appellant.

*Leo H. Healy* [*Phelan Beale* with him on the brief], for
the respondents.

BLACKMAR, J.:

The action was brought upon an assigned claim for goods
sold and delivered. The court charged the jury that if the
assignment to plaintiff was not made in good faith, but for
the purpose of defeating defendants' counterclaim, or to

avoid giving a bond for costs, or for any other unlawful purpose, they must find a verdict for defendants. To this plaintiff excepted. The charge was erroneous for it submitted to the jury the motive of the assignor in making the assignment, and instructed them that their finding on this point should control their verdict; whereas the only question was whether the assignment passed the legal title, and upon this point the evidence was conclusive. (*Sheridan* v. *Mayor,* 68 N. Y. 30.) The verdict of the jury in favor of the defendants may have rested on their finding that the assignment was made for the purpose of avoiding the giving of a bond for costs — a matter entirely immaterial to the proper disposition of the case.

There was a concern doing business in Greenfield, O., under the name of the Greenfield Packing Company. This was not a corporation or a copartnership, but a name under which some individual was trading. The plaintiff's assignor, C. B. Lair, claimed that prior to March 6, 1916, William L. Reynolds was trading under that name; that on that date Reynolds sold the business to him; and that thereafter, under that name, he sold the merchandise in question to defendants. The sale of the merchandise was admitted, and it was not denied that Lair owned the business when the sale was made. The defense is that not Reynolds but Lair was the owner of the Greenfield Packing Company and the real party in interest before March 6, 1916, and that defendants had a claim against Lair which arose before that date, and which he tried to avoid by the pretense that the claim was against Reynolds. This was also submitted to the jury, who were instructed that they might render a verdict for defendants if Lair was the owner of the business before March 6, 1916, providing they found that defendants' claim was established. But no such issue was tendered by the pleadings. The defense was payment; whereas to warrant the submission of such issue to the jury a counterclaim should have been pleaded. The defendants in the brief filed say: "The materiality of the foregoing lies in the fact that the indebtedness sued upon arose after March 6th, 1916, and the payment pleaded by defendants occurred before said date, said payment being by way of set-off." A set-off is the subject of counterclaim

and cannot be proved under a plea of payment. (Code Civ. Proc. § 501.)

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to abide the event.