Dexter & Carpenter, Inc., Appellant, *v.* Lake and Export Coal Corporation, Respondent.

First Department, May 27, 1921.

Attachment — requirement that affidavit shall show facts establishing contract, breach and basis for computation of damages not jurisdictional — jurisdictional defect may not be cured by affidavits filed nunc pro tunc — affidavits filed sufficient to confer jurisdiction — supplemental affidavits supplying evidentiary facts should have been considered by court.

The requirement that on an application for a warrant of attachment evidentiary facts must be shown establishing the contract, the breach and basis for the computation of damages, does not go to the jurisdiction

of the court to grant the warrant, for it is not a statutory requirement, and the jurisdiction of the court in such matters is prescribed by statute. Where the moving papers are insufficient to confer jurisdiction on the court to issue the warrant, a jurisdictional defect may not be cured or supplied by granting leave to the plaintiff to file affidavits *nunc pro tunc* pursuant to the provisions of section 768 of the Code of Civil Procedure, but any other omission or defect, irregularity or insufficiency may be so remedied.

Sufficient jurisdictional facts are stated to justify the granting of a warrant of attachment on the summons and complaint and an affidavit made by the vice-president of the plaintiff, where it is alleged in the complaint on information and belief that the defendant is a foreign corporation doing business in this State, and positively on the actual knowledge of the plaintiff's vice-president, who verified the complaint, that a contract was entered into between the parties for the sale and delivery of coal at a specified price per ton, that the plaintiff was ready, willing and able to perform, that the defendant neglected and refused to deliver the coal or any part thereof on demand, to the damage of the plaintiff in a certain sum, and where the affidavit made by the vice-president stated that the defendant was indebted to the plaintiff in the sum specified in the complaint for damages, for breach of contract, other than a contract to marry, and similar statements as to the making and breach of the contract as stated in the complaint, that no counterclaim exists in behalf of the defendant against the plaintiff, and that the defendant is a foreign corporation as more fully appears from a letter from the Secretary of State of West Virginia annexed to the affidavit.

Although neither the complaint nor the affidavit sets forth the contract or the facts in detail with respect to the making thereof, they both sufficiently charge by way of conclusions of fact the making and breach of the contract and the plaintiff's damages, to confer jurisdiction to grant the warrant.

The supplemental affidavits filed by the plaintiff should have been considered by the court, and they supply fully the necessary evidentiary facts.

MERRELL, J., dissents, with opinion.

APPEAL by the plaintiff, Dexter & Carpenter, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of January, 1921, resettling an order entered in said clerk's office on the 20th day of December, 1920, vacating a warrant of attachment against the property of the defendant and refusing to permit to be read or considered certain affidavits permitted to be served and filed by the court on the return of the motion to vacate the warrant of attachment.

*W. B. Symmes, Jr.,* of counsel [*Harry H. Thurlow* with him on the brief; *Davis, Symmes & Schreiber,* attorneys], for the appellant.

*Benjamin F. Spellman,* for the respondent.

LAUGHLIN, J.:

The warrant of attachment was issued on the ground that the defendant is a foreign corporation and the motion to vacate it was made on the original papers. The plaintiff, claiming that the objections to the sufficiency of the papers on which the warrant of attachment was granted related to defects or insufficiencies curable by supplemental affidavits under the provisions of section 768 of the Code of Civil Procedure, and that the defects or insufficiencies could be cured or supplied without prejudice to any intervening rights, on the return of the motion asked leave pursuant to those provisions to serve and file affidavits for that purpose. The court thereupon granted the application and adjourned the hearing on the motion; and on the adjourned day the court ordered that the affidavits be filed but that they be not considered by the court either in deciding the motion or in determining whether the defects or insufficiencies in the original papers would be cured or supplied thereby, and vacated the warrant of attachment on the ground that the papers on which it was granted failed to show a contract between the plaintiff and the defendant or that the defendant breached it or that the plaintiff had suffered any damage by a breach thereof, and further ordered that the sheriff release the property to the defendant without charge and that plaintiff pay the poundage fee and all other fees in connection with the attachment.

The original papers on which the warrant of attachment was issued failed to comply with the requirement that on an application for a warrant of attachment it is not sufficient to show as by a pleading a cause of action for damages for breach of a contract, but that the evidentiary facts showing the contract, the breach and basis for the computation of the damages must be presented. (*Delafield* v. *Armsby Co.*, 62 App. Div. 262; *Hart* v. *Page Mfg. Co.*, 187 id. 296; *Makepeace*

v. *Dilltown Smokeless Coal Co.*, 179 id. 60; Id. 662.) The reason for this requirement is that under the provisional remedy, the defendant's property is taken from his possession in advance of the trial of the issues, and to the end that there may be no injustice to him, the evidentiary facts are required to be presented so that the court may see that the plaintiff at least has a *prima facie* cause of action for a recovery of damages to the extent claimed; but this requirement does not go to the jurisdiction of the court to grant the warrant of attachment, for it is not a statutory requirement and the jurisdiction of the court in such matters is prescribed by statute.   Where the moving papers are insufficient to confer jurisdiction on the court to issue the warrant of attachment, a jurisdictional defect may not be cured or supplied by granting leave to the plaintiff to file affidavits *nunc pro tunc* pursuant to the provisions of said section 768, but any other omission or defect, irregularity or insufficiency may be so remedied.   (*Kahn* v. *Hollander, No. 1*, 140 App. Div. 492.   See, also, *Colcord* v. *Banco de Tamaulipas*, 191 id. 94.) If, therefore, the court did not, by the original papers, acquire jurisdiction to issue the warrant of attachment, the writ was void and life cannot be given to it by filing affidavits *nunc pro tunc*.   The warrant was issued on the summons, complaint and an affidavit made by the vice-president and treasurer of the plaintiff.

The complaint, so far as here material, shows that the defendant is a West Virginia corporation, doing business and having an office for the regular transaction of business in the city and county of New York; that on the 17th of May, 1920, at the city of New York, plaintiff and defendant " entered into an agreement whereby it was mutually agreed between them that the defendant should sell and deliver to the plaintiff at Hampton Roads, Virginia, on or about the 25th day of May, 1920, 5,000 gross tons of Pool No. 6 Kanawha Splint Coal, and that the plaintiff should accept the same from the defendant and pay therefor the sum of $9.25 per gross ton upon the delivery thereof; " that on or about the 25th of May, 1920, plaintiff was ready, willing and able at Hampton Roads, Va., to accept and pay for the coal pursuant to said agree-

ment and requested the defendant to deliver the same to it, but that the defendant has neglected and refused to deliver to the plaintiff the coal or any part thereof " to the damage of the plaintiff in the sum of $16,250," for which amount with interest from May 25, 1920, judgment was demanded. The complaint was verified by the vice-president and treasurer of the plaintiff in the usual form, to the effect that the allegations thereof are true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters he believed it to be true. The only allegations of the complaint made on information and belief are those with respect to the defendant's being a foreign corporation and transacting business here. It thus appears that the making of the contract, the readiness, willingness and ability of the plaintiff to perform, the breach by the defendant, and the damages, are positively stated on the actual knowledge of the plaintiff's vice-president and treasurer. The affidavit made by him avers that the defendant is justly and truly indebted to the plaintiff in the sum specified in the complaint for damages for a breach of a contract other than a contract to marry, and that the contract was made in the State of New York between the plaintiff and the defendant, and that thereby the defendant agreed to sell and deliver to the plaintiff, at the time and place specified in the complaint, the quantity and kind of coal therein specified and the plaintiff agreed to accept the same and to pay therefor upon delivery at nine dollars and twenty-five cents per gross ton, and that the defendant has neglected and refused to deliver the coal to the plaintiff, and that the defendant is justly indebted to the plaintiff and that the deponent knows of his own knowledge that no counterclaim exists in behalf of the defendant against the plaintiff, and that the plaintiff has suffered actual damages in the amount specified; that the defendant is a foreign corporation organized and existing under the laws of West Virginia, as more fully appears by a letter from the Secretary of State of West Virginia to the plaintiff's attorneys under date of September 21, 1920, a copy of which is annexed to the affidavit, and that the summons, which the affidavit shows has been issued, is also annexed to the affidavit, and the affiant further states that no other application for a warrant of attachment

against the defendant's property has been made in the action.

I am of opinion that the papers on which the warrant of attachment was issued are free from jurisdictional defects. The jurisdictional requirements for the issuance of a warrant of attachment are prescribed in sections 635 and 636 of the Code of Civil Procedure. Said section 635 authorizes the issuance of such warrant of attachment in an action to recover a sum of money only as damages in a cause of action for a breach of contract, express or implied, other than a contract to marry. By said section 636, plaintiff is required to show by affidavit to the satisfaction of the judge granting the warrant that one of the causes of action specified in section 635 exists in favor of the plaintiff against the defendant; that if the action is to recover damages for breach of a contract, affidavits must show " that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him; " and that the defendant is either a foreign corporation or a non-resident of the State. Although neither the complaint nor the affidavit sets forth the contract or the facts in detail with respect to the making thereof, they both sufficiently charge by way of conclusions of fact the making and breach of the contract and the plaintiff's damages, to confer jurisdiction upon the justice to issue the warrant of attachment. (*Haebler v. Bernharth*, 115 N. Y. ; *California Packing Co., ; Holcomb v. Banco de Tamaulipas, supra.*)

It follows, therefore, that the court erred in refusing to consider the supplemental affidavits. One of the supplemental affidavits was made by the vice-president and treasurer. It shows that the market price and value of the coal at the time and place of delivery was twelve dollars and fifty cents per gross ton. This was a strict compliance with the requirement that the facts showing the plaintiff's damages be stated and it shows the damages in the precise amount for which a recovery is sought. Another affidavit made by one Paddock, who was employed by the plaintiff to buy and sell coal, sets forth the facts with respect to the making of the contract showing that it was verbally negotiated and confirmed in writing by an exchange of letters between the parties, copies of which were annexed to the affidavit. This correspondence shows

a complete meeting of the minds of the parties with respect to the making of the contract as alleged in the complaint. His affidavit and copies of letters and telegrams annexed thereto and the affidavits of the plaintiff's manager at Norfolk, Va., also show that at the time and place for performance the plaintiff was ready, willing and able to perform and that the defendant failed to deliver any of the coal and subsequently refused to make any delivery under the contract. The supplemental affidavits fully supply the necessary evidentiary facts and they should have been accepted by the court.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the supplemental affidavits ordered received and filed *nunc pro tunc* as of the date of the issuance of the warrant of attachment, and that the warrant of attachment be reinstated and the motion to vacate it denied upon payment by plaintiff of ten dollars costs for leave to serve and file supplemental affidavits.

DOWLING, PAGE and GREENBAUM, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

The plaintiff has appealed from an order of the Special Term vacating a warrant of attachment granted plaintiff herein upon motion in an action to recover damages for breach of contract. Defendant made the motion to vacate the warrant of attachment upon the papers upon which it was granted, which consisted of the complaint and an affidavit of one Carpenter, the vice-president and treasurer of the plaintiff corporation. Defendant's motion to vacate the warrant of attachment was upon the ground that no facts were stated in the papers upon which the warrant was obtained to authorize its issuance. The complaint, after alleging the incorporation of both parties, both being foreign corporations, alleged that on or about the 17th day of May, 1920, at Manhattan, New York city, the plaintiff and defendant entered into an agreement whereby it was mutually agreed between them that the defendant should sell and deliver to the plaintiff at Hampton Roads, Va., on or about the 25th day of May, 1920, 5,000 gross tons of pool No. 6, Kanawha splint coal, and that the

plaintiff should accept the same from the defendant and pay therefor the sum of $9.25 per gross ton upon the delivery thereof. In its complaint the plaintiff further alleges that on said 25th day of May, 1920, the plaintiff was ready, willing and able at the time and place appointed to accept and pay for said coal pursuant to said contract and requested the defendant to deliver the same, but that the defendant has neglected and refused to deliver said coal, or any part thereof, to the damage of the plaintiff in the sum of $16,250, for which sum plaintiff demands judgment in said complaint against the defendant, with interest.

The complaint upon its face seems to contain the necessary allegations of a complaint for damages for failure to deliver goods according to contract. The complaint, however, states no facts, but contains merely allegations of conclusions of law.

Accompanying the complaint on the application for a warrant of attachment was the said affidavit of plaintiff's vice-president and treasurer. This affidavit did not comply with the requirements of section 636 of the Code of Civil Procedure. That section provides that to entitle the plaintiff to a warrant of attachment *he must show by affidavit* to the satisfaction of the judge granting the same that one of the causes of action specified in the preceding section (§ 635) exists against the defendant. The cause of action set forth in plaintiff's complaint was to recover damages for breach of a contract other than a contract to marry, and, therefore, the action was apparently one where the plaintiff could, upon proper proofs, procure a warrant of attachment. The affidavit of plaintiff's vice-president and treasurer does not show facts from which the court could properly be convinced that one of the causes of action mentioned in section 635 existed in favor of plaintiff and against defendant. As with the complaint, the affidavit is merely a statement of conclusions of law. No facts are therein stated showing that the contract between the plaintiff and the defendant existed, nor that the defendant was guilty of a breach of such contract, nor does it appear from the said affidavit by any statements of facts that the plaintiff has suffered any damages by reason of defendant's breach of the contract. When the motion to vacate the warrant of attachment came on to be heard, the court entertained the application and find

while holding that the affidavit upon which the attachment was based was fatally defective in not showing within the knowledge of the affiant or otherwise except by his mere statement that there was any contract or any default on defendant's part, held that the omission was one that could be cured by amendment, and extended to the plaintiff additional time within which to file such additional affidavits, the court holding the motion to vacate open for the purpose of enabling the plaintiff to supply the necessary proofs. Additional affidavits were filed by the plaintiff against the objection of the defendant, who took the position that that defect in the papers upon which the warrant of attachment was obtained was jurisdictional, and that the court was powerless to authorize the plaintiff to amend its application by filing additional affidavits. The court finally reconsidered its previous determination and granted the order appealed from granting defendant's motion to vacate the attachment on the original papers. The court, however, in a brief memorandum permitted the affidavits to be filed, but refused to permit them to be read in opposition to defendant's application. The chief controversy upon this appeal is as to whether the plaintiff was entitled to supply the additional affidavits in support of the attachment. In finally holding that the court could not read or consider in opposition to defendant's motion, the additional affidavits, the court based its decision upon another case entitled *Gaunt* v. *Nemours Trading Corporation*, which was decided by the same court concurrently with the decision of the motion vacating plaintiff's attachment. In a memorandum handed down by the court in the *Gaunt* case the court held that it was the rule in the First Judicial Department that where affidavits failed to set forth any facts from which the judge to whom application for the attachment was made might determine that a contract exists, that it has been breached and that damages have thereby arisen, no supporting affidavits may be offered on a motion to vacate on the papers. Such decision was upon the authority of *Conklin* v. *Federal Trust Co.* (176 App. Div. 572). The case thus relied upon by the court arose in this department, and in that case it was held: "The orders appealed from cannot be justified under section 768 of the Code of Civil Procedure, which permits the curing of technical defects or

insufficiencies. This section cannot be used to cure defects which go to the jurisdiction of the court. Before the court can make an order in an action to cure defects in the proceedings it must obtain jurisdiction of the cause, and that has not been obtained in this case."

Section 636 of the Code of Civil Procedure requires a party to show by affidavit, to entitle such party to a warrant of attachment, that one of the causes of action specified exists against the defendant. His failure so to do is a jurisdictional defect. Mr. Justice PAGE, in writing for this court in *Colcord* v. *Banco de Tamaulipas* (191 App. Div. 97), said: " The jurisdictional facts that must appear are, *first*, that the cause of action is one of those specified in section 635 of the Code of Civil Procedure; *second*, that the plaintiff is entitled to recover a sum stated in his affidavit over and above all counterclaims known to him; *third*, that the defendant is a foreign corporation." (Code Civ. Proc. § 636.)

In *Makepeace* v. *Dilltown Smokeless Coal Co.* (179 App. Div. 60) Mr. Justice SMITH, writing the opinion of the court, at page 61, said: " The failure of the attachment papers, therefore, to show the existence of a cause of action in plaintiff against defendant requires that the order appealed from be reversed and the defendant's motion to vacate the attachment granted."

An examination of the affidavit used upon the application for the warrant of attachment reveals that no fact is therein stated. Section 636 requires that application for a warrant of attachment must be supported by an affidavit setting forth evidentiary facts upon which the court may determine whether or not a cause of action entitling the plaintiff to the attachment sought in fact exists.

Upon further appeal in *Makepeace* v. *Dilltown Smokeless Coal Co.* (179 App. Div. 662) Justice PAGE said (at p. 664): " The Albert R. Gibson who made this affidavit was manager of the sales department of the Sterling Coal Company. No copy of the alleged ' forms of contract ' was annexed, so that there is nothing to support the allegation that such were the terms of the contract but the deponent's bare statement which is a conclusion of fact and not evidence.

" An affidavit in support of an attachment must contain

evidence from which the court can determine that the ultimate facts stated in the pleadings can be substantiated. Thus, though the complaint as amended states a cause of action, the proof in support of it is still lacking, so that the same defect in the moving papers upon which the prior attachment was vacated now exists in the present moving papers."

The language of Mr. Justice PAGE is peculiarly applicable to the situation under consideration. The affidavits which were filed for the purpose of amending the original papers clearly show that the contract upon which the plaintiff depends was in writing and specified with great particularity as to when, where and in what manner the coal was to be delivered. Copies of the contract should have been annexed to the original affidavit so that the court might determine from the facts shown by such contract whether a proper cause of action existed. As stated by Mr. Justice PAGE, the affidavit upon which the attachment was asked should contain evidence from which the court might determine that the conclusions stated in the complaint were supported by the facts.

The Appellate Term in this department seems to have quite consistently followed the decision of this court in respect to the requirement that affidavits in support of attachment must contain evidentiary matter and not merely a statement of conclusions of law. In *Nerenberg* v. *Keith* (101 Misc. Rep. 551) it was said: " The warrant of attachment was improperly granted and should be vacated because the papers on which it was granted fail to show facts supporting the allegation of the complaint that plaintiff was ready to receive and pay for the goods. His allegation of that ultimate fact in his complaint is probably sufficient, so far as the complaint is concerned, but it was necessary that his affidavits should contain evidence from which the court can determine that the ultimate fact can be substantiated." And in *Baff & Son, Inc.,* v. *Heggie Co.* (176 N. Y. Supp. 736) it was said: " Motion for reargument granted. The affidavit upon which the warrant of attachment was based is clearly insufficient, as it is a mere repetition of the conclusions of the complaint, without the statement of any facts as a basis for those conclusions."

In *Delafield* v. *Armsby Co.* (62 App. Div. 262) Presiding Justice VAN BRUNT said (at p. 264) " The office of a com-

plaint is to allege conclusions of fact deduced from the evidence, whereas the office of an affidavit is to set out the evidence establishing these conclusions of fact."

It further appears clearly that there is no proof as required by section 636 of the Code of Civil Procedure that the plaintiff is entitled to recover the damages claimed. (*Delafield* v. *Armsby Co.*, 62 App. Div. 262; *Haskell* v. *Osborn*, 33 id. 127.) I am, therefore, of the opinion that the papers upon which the warrant of attachment was obtained were entirely insufficient, and that the defect being jurisdictional the plaintiff was properly denied the privilege of supplying additional affidavits by way of amendment, pursuant to the provisions of section 768 of the Code of Civil Procedure, which permits amendment of moving papers to cure mere technical defects or insufficiencies. The defect in the original papers in the case at bar was not a technical one, but was jurisdictional, and the court in granting the warrant of attachment acted without jurisdiction.

It would, furthermore, seem there would be grave doubt whether the additional affidavits and exhibits with which the plaintiff sought to bolster up its application would have justified the issuing of the warrant of attachment or have shown that a cause of action upon contract against the defendant actually existed. Under the allegations of the complaint and the affidavit used upon the original application it appeared that the coal was to be delivered at Hampton Roads on or about May 25, 1920. The written correspondence between the parties and the order itself going to make up the contract show that the coal was to be loaded on board the steamship *Astoria* of 3,000 tons, and the steamship *Kickapoo* of 3,000 tons, and that shipment was to be made upon said two vessels. There is no allegation in the complaint or in the affidavits of evidentiary facts that the steamships mentioned or either of them were at Hampton Roads at the time specified ready to receive the coal mentioned in the complaint. It would seem to have been, upon a reading of the contract, a condition precedent that plaintiff should have the steamships at the point mentioned to receive the coal on the date provided, and it would seem to be necessary that the plaintiff should allege facts showing that the steamships specified were there at the time mentioned. There was no allegation in the com-

plaint that the plaintiff had duly performed all the conditions of the contract on his part to be performed, and we, therefore, have a failure to include either a general allegation of due performance of the contract on plaintiff's part or of any facts showing that the plaintiff had performed by having the vessels mentioned in readiness at the time specified. The additional papers disclose, however, the real reason for the failure to include one of said allegations, as it appears therefrom that on May twenty-sixth, or one day after the coal was to be delivered on board the two named steamships, the plaintiff nominated another steamship, to wit, the *Franklin*, which the plaintiff's treasurer wrote defendant on May 26, 1920, was then awaiting her cargo, but there is nothing to show that the defendant consented to change from the steamships *Astoria* and *Kickapoo* to the steamship *Franklin* or to change the date of performance to a later date. There is no allegation in the complaint setting forth a modification of the original contract between the parties, nor to show any right on plaintiff's part to substitute the *Franklin* for the two steamships mentioned in the contract. It does not appear from the papers offered by way of amendment that the plaintiff ever would be or was ready, able and willing to pay for the coal at Hampton Roads after May twenty-fifth if the defendant were required under the modified contract to deliver its coal to the steamship *Franklin* after such date. So that, even though all the facts had been before the court, as shown by the additional affidavits, it would have clearly appeared therefrom that the plaintiff had not only failed to allege, either generally or by averment of particular facts, performance of the conditions precedent on its part to be performed, but it would have appeared therefrom that the plaintiff had failed to carry out the condition precedent to have at Hampton Roads the steamships *Astoria* and *Kickapoo* between May 20 and May 25, 1920, to receive said coal. (*Ziehen* v. *Smith*, 148 N. Y. 558; *Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 662, 664.)

The order appealed from also relieved the defendant from the payment to the sheriff of New York county of his poundage and fees for seizing the property upon the vacated attachment, and the order also provided that the plaintiff, appellant,

should pay the sheriff's fees thereon.  It seems to me that this provision was entirely proper and in accordance with the provisions of subdivision 22 of section 3307 of the Code of Civil Procedure as added by chapter 265 of the Laws of 1917.  By this subdivision it is provided that in the county of New York where a levy has been made under a warrant of attachment, and said warrant is vacated or set aside by order of the court, the sheriff is entitled to poundage upon the value of the property attached not exceeding the amount specified in the warrant, and such additional compensation for his trouble and expense in taking possession and preserving the property as the judge issuing the warrant allows, " and the judge or court may make an order requiring the party at whose instance the attachment is issued to pay the same to the sheriff."

I think the order appealed from was right and should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and supplemental affidavits received and filed *nunc pro tunc* as of date of issuance of warrant of attachment, warrant reinstated and motion to vacate denied on payment by plaintiff of ten dollars costs for leave to file supplemental affidavits.