Louise Auditore, Plaintiff, *v.* Eva Cantanzaro, Defendant.

(Supreme Court, Kings Special Term, December, 1921.)

Provisional remedies — arrest — motion to vacate order — additional affidavits permitted — Civil Practice Act, §§ 822, 1569, 1573.

Under the Civil Practice Act additional affidavits in support of an order of arrest may be received upon a motion to vacate the order.

Whatever the application of section 1573 of the Civil Practice Act, so far as a motion made before that statute took effect, to vacate an order of arrest theretofore granted, is concerned, a reading of section 1569 of the same act is necessary and under section 822 thereof, which must also be read but is not limited to supplying defects, the plaintiff may be permitted to submit additional affidavits in support of the order of arrest.

Motion to vacate an order of arrest.

Cahill & Schneider, for plaintiff.

Jenks & Rogers, for defendant.

Kapper, J. Motion on notice to vacate an order of arrest. The order was obtained before the Civil Practice Act took effect. The motion to vacate also preceded the taking effect of that act. Upon the argument plaintiff presented additional affidavits and asked their consideration in support of the order, to which objection was interposed by the defendant under the claim that the noticing of the motion constituted a " right accrued or acquired " within the provisions of section 1573 of the Civil Practice Act, which " right " the said section declares shall not be affected or impaired by the act. Analogous pro-

Supreme Court, December, 1921. [Vol. 117.

visions were contained in section 3352 of the Code of Civil Procedure ever since the enactment of that Code, but I do not find that a right " accrued or acquired " prior to the enactment of that section was ever construed to relate to a remedial procedure such as I think is involved in the practice now proposed by the plaintiff. Under that section of the Code of Civil Procedure (3352) it had been decided that such matters as costs accrued, the application of the statutes of limitations, and the right of appeal were all within the purview of rights " accrued or acquired " under section 3352, *supra.* See cases in note to Clevenger's Supreme Court Practice, § 1573. Whatever the application of section 1573 of the Civil Practice Act may be, in so far as the present case is concerned a reading of section 1569 of the same act is necessary. It is there provided that, " Proceedings pursuant to law in an action or special proceeding taken prior to the time this act takes effect shall not be rendered. ineffectual or impaired by this act or by the repeal thereby of any provision of the code of civil procedure, unless otherwise expressed, and subsequent proceedings in such action or special proceeding must be conducted in accordance with the laws in force on the day before this act takes effect, except as otherwise provided in this article, and *except that the court or judge may apply thereto, in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding.*" And likewise there must now be read section 822 of the act, which provides that upon an application to vacate an order of arrest upon notice, " the provisions of this act shall not prevent the court or judge, in furtherance of justice, from allowing new proof, in behalf of the party opposing the application, to supersede or supply defects in the

original proof, though the application to vacate be founded only on the papers on which the order or warrant was granted.'' I think it plain that the privilege conferred by section 822 is the application to a pending proceeding of a '' remedial provision '' '' not inconsistent with the proceedings '' taken prior to the time the Civil Practice Act took effect  There was the order of arrest.  That was a '' provisional remedy '' so pronounced by statute for many years.  Complaint is made of the quality of the proof offered as a basis for the order.  Permitting the plaintiff to supply the shortcomings by additional or better proof is to my mind fully '' consistent '' with the step already taken. The next criticism which defendant advances is that section 822 is limited to supplying '' defects '' and does not reach the dignity of allowing by new affidavits proof of showing a right to arrest where such was lacking in the original papers.  Reading section 822 as a whole in conjunction with the intention of its framers, I think its purpose was to permit this to be done.  In the note to section 822 contained in Clevenger's Supreme Court Practice, which is there stated to be the revisers' note, speaking of the holding in *Sulzbacher* v. *Cawthra,* 14 Misc. Rep. 545, where *new proof was received to support an attachment,* it is said: '' The second sentence of the proposed section broadens somewhat the rule laid down in the above case, in that it authorizes the court or judge to allow a plaintiff to oppose by new proof a motion to vacate on the original papers.  Inasmuch as the court has inherent power to allow a defendant to renew the motion to vacate, no injustice would ensue to a defendant who, in good faith, proposed to traverse or avoid the new proof adduced by plaintiff.''  I quote, also, from the paper read by Hon. J. Henry Walters, formerly chairman of the joint legislative committee on

the simplification of civil practice at the annual meet-
ing of the New York State Bar Association, which will
be found at the beginning of Parsons' Practice Man-
ual: " Uniformity in Provisional Remedies. A num-
ber of new sections relating to orders of arrest,
temporary injunctions and warrants of attachment,
are included in the Civil Practice Act, making the
practice in these proceedings as uniform as possible
so far as relates to the application for the order or
warrant, the proof on the application or hearing, the
granting of the remedy, the security required, the
recital of grounds, *new proof on an application to
vacate,* and the granting of the relief after a counter-
claim has been interposed. (C. P. A. §§ 814–825.)
In addition to making the provisions more uniform,
a number of sections relating to the various pro-
visional remedies have been clarified in language and
a number of amendments have been made to existing
practice in the interest of simplicity." The language
of section 822 seems plain to me. It allows " new
proof in behalf of the party opposing the application
to *supersede* or *supply* defects in the *original proof.*"
I think there can be no doubt as to the practice
intended, and that new proof on an application to
vacate an order of arrest in support of the order may
be received. Service is hereby directed of copies of
plaintiff's new affidavits upon the attorneys for the
defendant who are hereby given five days after such
service within which to reply thereto if so desired.

Ordered accordingly.