entered May 17, 1922, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages for injury to an automobile truck, alleged to have been sustained by reason of a defect existing in one of the highways of the town of Stillwater by reason of the negligence of the town superintendent of highways of said town. The defect complained of consisted of a hole in the beaten and traveled part of the highway about three feet long, two feet wide and two or more feet deep. It was alleged that said defect had existed for so long a time that the town superintendent of highways, and the other officers, agents, servants and employees of the town should have known of the conditions.

*Robert W. Fisher* and *George B. Lawrence* for appellant.
*Edward J. Donahue* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

ARCHIBALD D. RUSSELL, Respondent, *v.* FRANK G. PORTER, Appellant.

*Practice — order of arrest — sufficiency of papers.*

*Russell* v. *Porter*, 203 App. Div. 880, affirmed.
(Argued June 11, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1922, which affirmed an order of Special Term denying a motion to vacate an order of arrest.

The following questions were certified: " 1. Were the original papers upon which the order of arrest was founded insufficient in law?

" 2. Had the Special Term, upon the motion to vacate, power to receive additional affidavits to supply the defects of the papers upon which the order of arrest was granted?

" 3. If the second question be answered in the affirmative were the original papers supplemented by the additional affidavits sufficient in law to uphold the order of arrest? "

*C. Bertram Plante* for appellant.
*Clarence V. S. Mitchell* for respondent.

Judgment affirmed, with costs; second and third questions certified answered in the affirmative; first question not answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

HARRY WEISS, Appellant, *v.* CLARENCE J. HOUSMAN et al., Respondents.

*Contract — sale — purchase of bonds to be deposited in bank in Germany — action to recover missing bonds and coupons.*

*Weiss* v. *Housman,* 204 App. Div. 152, affirmed.
(Argued June 12, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered January 29, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint which alleged a contract of sale evidenced by the following writing: " Received from Mr. Harry Weiss, 90 Congress Street, Troy, N. Y., $7,450.08, in payment for £2,000 4½ Japanese Bonds Second Series German-stamped (73⅛ net and accrued interest), the bonds to be deposited at the Dresdner Bank, Berlin, which institution will hold said bonds, free of charge, subject to the order of Mr. Weiss, and thus under his sole control.

" We further agree to furnish a receipt of the Dresdner Bank, setting forth the above, within a reasonable time.
" A. A. HOUSMAN & CO."

It was alleged that delivery was subsequently made to plaintiff of but 79 instead of 100 bonds and that from each of the bonds delivered seven coupons had been