Solomon Bloom, Appellant, *v.* Wrought Iron Novelty Corporation, Respondent.

Supreme Court, Appellate Term, First Department, December 31, 1926.

Attachment — vacation — action by non-resident against foreign corporation — certificate of Secretary of State, annexed to affidavit accompanying complaint to effect defendant had received authority to do business in this State, is sufficient proof to give court jurisdiction under General Corporation Law, § 47 — recitation in defendant's affidavit, on which motion to vacate attachment was made, that its place of business was in New York city, cures any defects in plaintiff's papers — recital in plaintiff's affidavit that sum claimed was due over and above all counterclaims known to him, proper, though defendant claims it has counterclaim for $5,000 in action pending in New Jersey — recital means all sums plaintiff is willing to concede are just.

The plaintiff, a non-resident, in an action for rent against a foreign corporation, was entitled to an attachment on a verified complaint and accompanying affidavit, for the court granting it had jurisdiction of the subject-matter under section 47 of the General Corporation Law, where it appears that a certificate of the Secretary of State, annexed to the affidavit recited that the defendant had authority to do business in this State on November 3, 1925, since said court might properly infer that a foreign corporation which obtained a certificate entitling it to do business in this State at that time, paying the appropriate fees and taxes involved in that act, was doing business within the State seven months later when the attachment was granted.

The fact that the complaint showed that defendant was a New Jersey corporation does not warrant a finding that the plaintiff had failed to allege or prove that said defendant was doing business within the State of New York, in view of the certificate annexed to the affidavit which accompanied said complaint. Moreover, if there are any defects in plaintiff's papers they were cured automatically by defendant's own affidavit on the motion to vacate the attachment, which sets forth that some eight months prior to the time when the attachment was granted, it had moved its place of business from New Jersey to New York to the address given, where it alleged it had since then been conducting its business.

Nor is there any objection to a statement in plaintiff's affidavit that the sum claimed was due him over and above all counterclaims known to him, notwithstanding the fact that defendant claims that it has interposed a counterclaim

for $5,000 in an action pending between the same parties in New Jersey, for the statement merely means that plaintiff believes that the sum he claims due him was over and above all counterclaims which he is willing to concede as just.

APPEAL by plaintiff from an order vacating an attachment.

*Polier & Levy* [*Matthew M. Levy* of counsel], for the appellant.

*Paskus, Gordon & Hyman* [*Joseph C. Slaughter* of counsel], for the respondent.

PER CURIAM. The attachment was granted on a verified complaint and accompanying affidavit. The cause of action for rent due and unpaid is not assailed. Plaintiff, however, without setting forth his own place of residence showed that defendant was a corporation of New Jersey. Defendant appeared specially for the purpose of moving to vacate the attachment and dismissing the complaint on the ground that the court had no jurisdiction of the action. A further objection will be considered later.

Defendant's motion was based on the affidavit of its president which pointed out that the court had no jurisdiction because the plaintiff, who had not stated his residence in the complaint, was a resident of New Jersey; that the defendant was a corporation of the same State, and that plaintiff had failed to allege or prove that the defendant was doing business within the State of New York which fact was necessary under section 47 of the General Corporation Law (as added by Laws of 1920, chap. 916; formerly section 1780 of the Code of Civil Procedure) to confer jurisdiction of the subject-matter upon this court. It is unnecessary to analyze at length the many arguments pro and con presented in the elaborate and careful briefs of the counsel because we are of opinion that it appears from the moving affidavit by fair inference that the defendant was doing business in New York. Plaintiff annexed to his affidavit a certificate of the Secretary of State of this State to the effect that the defendant received authority to do business in this State on November 3, 1925. We think the judge who granted the attachment might properly infer as a matter of ordinary common sense that a foreign corporation which obtained a certificate entitling it to do business in this State in November, 1925, and had paid the appropriate fees and taxes involved in that act was doing business within the State at the time the attachment was granted, namely, June, 1926. (See, also, *Foster Co.* v. *Koppel Industrial C. & Equipment Co.,* 127 Misc. 51.) Whatever doubt might be entertained in that respect was solved by defendant's own affidavit on which the motion to vacate was made which set forth that since October, 1925, defendant

had moved its place of business from New Jersey to New York at an address given where it was alleged it had since then been conducting the same. If, therefore, it can be said that there was any defect in the papers on which the attachment was granted the same was cured automatically by defendant's own affidavits without plaintiff even invoking his right under section 822 of the Civil Practice Act to submit additional proofs.

The defendant's second objection is that plaintiff set forth in his affidavit that the sum claimed was due to him over and above all counterclaims known to him but that as a matter of fact in an action pending in New Jersey between plaintiff and defendant, defendant had interposed a counterclaim for $5,000; that consequently plaintiff's statement was false, and that the attachment should be vacated on that ground. The learned judge below has not considered this point and has based his decision solely on the ground that there was no adequate allegation that the defendant was doing business in this State. We cannot find that the significance of the statement that the sum claimed is due over and above all counterclaims known to him has been the subject of any adjudication in the appellate courts in this department. It has, we think, been generally interpreted as meaning over and above all counterclaims which the plaintiff is willing to concede as just. It appears to us that the purpose of the allegation is in respect of attachments to change the rule of ordinary pleading that the plaintiff should set forth whatever cause of action he may have, leaving it to defendant at his option to interpose a counterclaim, if any, and thus to limit an attachment to the net amount in which plaintiff may deem himself entitled. The provision was so construed by Judge LEHMAN in *Kinsley S. S. Lines, Inc.,* v. *Atwater & Co.* (at Special Term, Part 1, of this court in 1923; County Clerk's Index, 2850). Moreover, in the present case we are of opinion that were it held necessary for plaintiff to refer in his affidavit to the fact that defendant asserted a counterclaim, defendant's own statement thereof might well justify plaintiff in not considering it a valid basis for a possible recovery.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.