EVELYN SILVER, Respondent, v. LIND REALTY Co., INC., and Others, Defendants. NELSON W. BURRIS, etc., Appellant.— Order directing Nelson W. Burris, purchaser at foreclosure sale, to complete his purchase upon the filing of an affidavit of the process server, Irving Turkel, *nunc pro tunc* as of December 13, 1926, amplifying the details of his efforts to serve the summons and complaint as enumerated in the affidavit of such process server upon which the order of publication of the summons and complaint herein is based, reversed, upon the law, with ten dollars costs and disbursements, and motion to compel purchaser to complete his purchase denied, with ten dollars costs. The affidavit upon which the order of publication was granted was insufficient to confer jurisdiction as to

some of the defendants who defaulted. (*Kennedy* v. *Lamb*, 182 N. Y. 228.) Such jurisdiction could not be conferred by the subsequent filing of affidavits supplying the defects. (*Dexter & Carpenter, Inc.*, v. *Lake & Export C. Corp.*, 196 App. Div. 766.) In no event did the court have the power to direct that upon the filing of amplifying affidavits title should be taken. Under such a direction the court would never have an opportunity of passing upon the affidavits. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.