### HEITZMANN v. WILLYS–OVERLAND MOTORS, Inc.

#### Civil Action No. 7360.

District Court, E. D. New York.
Nov. 19, 1946.

Reed B. Dawson, of New York City (Irving B. Loonin, of New York City, of counsel), for plaintiff.

Kiernan & Mulcahy, of New York City (John F. Kiernan, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This motion seeks to have vacated by this court a warrant of attachment heretofore issued by a justice of the Supreme Court of the State of New York.

The action was commenced in the Supreme Court, Queens County, and later was removed here for diversity of citizenship, the defendant being a Delaware corporation. The complaint alleges the performance by one William A. Steadman of advisory services for the defendant at its special instance and request, concerning deferred compensation, pension and retirement plans for its employees, the reasonable value of which is asserted to be $25,-000 and unpaid. The complaint further recites that the said William A. Steadman duly assigned all his right, title and interest in and to said claim to plaintiff. It develops from an examination before trial that plaintiff is a secretary in the office of her attorney and paid no consideration for the assignment, has no beneficial interest in the proceeds of the action and that the assignment to her was merely for the purpose of having suit instituted by a New York resident, William A. Steadman residing in New Jersey.

Defendant's motion is based upon the ground that the papers upon which the warrant of attachment was granted are insufficient to confer jurisdiction upon the court in that they do not show a cause of action in favor of the plaintiff and against the defendant, as required by Section 903 of the Civil Practice Act of the State of New York, specifically in that (1) the plain-

tiff, being an assignee, is not the proper party in interest, (2) that the allegations of the complaint are too vague to satisfy the requirement upon an application for attachment that the reasonable value basis for an unliquidated claim must be set forth in some detail, and (3) that the source of plaintiff's knowledge regarding the allegations of the complaint, which of necessity are upon information and belief since she is an assignee, is not disclosed.

At the hearing upon this motion, the plaintiff offered to furnish supplemental affidavits to cure the last two defects and the court granted leave to do so. The affidavit which has since been furnished accomplishes that end but the further question remains whether the defects were of a nature originally to deprive the court of jurisdiction or whether they were capable of being remedied by supplemental matter.

■ A chose in action of the nature here involved is clearly assignable under Section 41 of the Personal Property Law of the State of New York. While it is true that Section 210 of the New York Civil Practice Act and Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, require that every action must be prosecuted in the name of the real party in interest, it has repeatedly been held and is well established that an assignment of a chose in action constitutes the assignee the proper party in interest to sue even though the instrument of assignment itself recites that the transfer is merely for purposes of suit and obligates the assignee to account for the proceeds to another person. Titus v. Wallick, 1939, 306 U.S. 282, 288, 59 S.Ct. 557, 83 L.Ed. 653, citing Allen v. Brown, 44 N.Y. 228; Meeker v. Claghorn, 44 N.Y. 349; Sheridan v. Mayor, etc., of City of New York, 68 N.Y. 30; McCauley v. Georgia Railroad Bank, 239 N.Y. 514, 147 N.E. 175; Meyers v. Credit Lyonnais, 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268; Banca Commerciale Italiana Trust Co. v. Clarkson, 274 N.Y. 69, 74, 8 N.E.2d 281, 110 A.L.R. 1105; Brown v. Powers, 53 App.Div. 251, 65 N.Y. S. 733; Birdsall v. Read, 188 App.Div. 46, 176 N.Y.S. 369.

■ Here, there is not even such a recital and the transfer appears upon its face to be an absolute assignment. Thus, the plaintiff is a proper party in interest.

Neither of the parties has drawn to the court's attention the statutory provisions which appear to determine the propriety of the supplemental affidavit which has been admitted to cure the defects challenged. Before the enactment of the Civil Practice Act, Section 768 of the Code of Civil Procedure provided that: "Upon the hearing of a motion relief shall not be denied to any party because of defects or insufficiencies in the moving papers which can be cured upon the hearing or before the entry of the order thereon * * *," and as amended in 1911: "Whenever a motion is made to set aside or vacate (a warrant) * * * because of technical defects therein, or because of defects or insufficiencies in the papers or proceedings upon which it was made or entered and such defects or insufficiencies can, without prejudice to intervening rights, be cured or supplied, it shall be the duty of the court to direct upon the hearing of such motion, that such defects or insufficiencies * * * be cured or supplied nunc pro tunc * * *." As this provision was judicially interpreted, if the original papers were insufficient to confer jurisdiction upon the court to issue the warrant, the writ was void and life could not be imparted to it by the later filing of affidavits, even nunc pro tunc. Any omission, defect, irregularity or insufficiency which was not jurisdictional, however, could be so remedied. Kahn v. Hollander, 140 App.Div. 492, 125 N.Y.S. 333; Dexter & Carpenter v. Lake & Export Coal Corp., 196 App.Div. 766, 188 N.Y.S. 623.

The adoption of the Civil Practice Act brought into existence two new provisions which have been construed even more liberally toward sustaining warrants of attachment than their predecessor. Section 105 is concerned generally with defects or omissions in all types of actions or proceedings and provides: "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms * * *." Section 822 has special reference to provisional reme-

dies and provides in part: "If the application to vacate (a warrant) be to the court or a judge thereof, upon notice, the provisions of this act shall not prevent the court or judge, in furtherance of justice, from allowing new proof, in behalf of the party opposing the application, to supersede or supply defects in the original proof, though the application to vacate be founded only on the papers on which the * * * warrant was granted."

It is not necessary here to determine whether the distinction between jurisdictional and other defects is still to be recognized in the same degree under these new provisions but it has been held that the intent of the law makers in enacting them was to overcome the narrow construction of Section 768 of the Code under which defects in moving papers had sometimes been held to oust the court of jurisdiction entirely; the purpose is stated to be to vest in the courts a broad discretion to permit the supplementing of originally insufficient papers with additional proof. Auditore v. Cantanzaro, 117 Misc. 253, 192 N.Y.S. 191; Bloom v. Wrought Iron Novelty Corp., 128 Misc. 460, 219 N.Y.S. 92; dissenting opinion in Russell v. Porter, 203 App.Div. 880, 196 N.Y.S. 429, affirmed 236 N.Y. 619, 142 N.E. 308.

A jurisdictional defect is one which goes to the essence of the court's power to issue a writ under the authority of Sections 902 and 903 of the Civil Practice Act. Thus, if the moving papers do not show that a cause of action exists in favor of the plaintiff against the defendant, the essential basis for conferring jurisdiction upon the court to award the statutory relief is absent. However, more is required than merely the minimum to confer jurisdiction in order that a warrant may ultimately be issued; the omission, however, of a part of this additional requirement is not a jurisdictional defect. It has been held that the sufficiency of evidentiary matter to support a warrant is to be tested by determining whether the evidence presented would justify a verdict for the plaintiff. Anthony & Co. v. Fox, 53 App. Div. 200, 65 N.Y.S. 806. Where unliquidated damages are sought, sufficient evidentiary proof must be offered upon an application for a warrant of attachment to convince the court that the damages sought are reasonably certain and not speculative or problematical. Shapiro v. Loft, Inc., 142 Misc. 144, 254 N.Y.S. 197. But the failure to set forth evidentiary facts sufficient to meet these requirements is not a jurisdictional defect. Siegel v. Waynesboro Knitting Co., D.C.S.D.,N.Y.1934, 7 F. Supp. 693; Kahn v. Hollander, supra; Dexter & Carpenter v. Lake & Export Coal Corp., supra. Likewise, failure to set forth the source of information and grounds of belief for the statements made in the moving papers does not create a jurisdictional defect and may be cured under the provisions of the statute. Cole v. Nash Motors Co., 131 Misc. 922, 229 N.Y. S. 277; Russell v. Porter, supra.

Most of the authorities cited by the defendant in support of its application concern the vacating of warrants of attachment upon one or both of the grounds it contends are defects here but they do not involve the question of whether those defects could be cured by matter contained in supplemental affidavits and are thus not pertinent. The motion to vacate the attachment is denied.

In the alternative, the defendant seeks to have the security in the amount of $1,300 furnished by the plaintiff upon the original application increased to $5,000. No proof is offered to sustain this request beyond the general statement by the attorney for the defendant that the expenses of defending this suit will exceed the former amount. No reason is perceived for increasing at the present time the security furnished by the plaintiff. Upon condition that the plaintiff proceed expeditiously to trial, this part of the application is denied without prejudice to renewal in the event that any unreasonable delay is incurred.

The defendant also asks for an order discharging the attachment as to the whole of the property attached upon the giving of an undertaking at least equal to the amount of the plaintiff's demand, pursuant to Sections 952 and 953 of the Civil Practice Act. This relief is not opposed and will be granted. The amount of the plaintiff's demand in the complaint is the same as that sup-

ported by the proof in the supplemental affidavit. In view of the apparent financial responsibility of the defendant, it may be that the plaintiff will see fit to waive the furnishing of this bond provided that the defendant submits itself to the jurisdiction by appearing generally herein.

Settle order on notice in accordance with this opinion.