## TINKER v. NORTHWEST AIRLINES,
### Inc. et al.
### No. 26778.

United States District Court
N. D. Ohio, E. D.
March 2, 1951.
Rehearing Denied July 19, 1951.

See also, D.C., 10 F.R.D. 372.

John H. Watson, Jr., Robert W. Wheeler, Cleveland, Ohio, for plaintiff.

Edward D. Crocker, of McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, for defendant Northwest Airlines Inc.

M. C. Harrison, Cleveland, Ohio, defendant Glenn L. Martin. Co.

FREED, District Judge.

This is an action for wrongful death. The complaint charges that decedent was killed in the crash of a plane owned and operated by defendant Northwest Airlines, Inc. and manufactured by defendant Glenn L. Martin Company. It is claimed that the accident was caused by defendants' negligence in the manufacture, construction, repair, and maintenance of the aircraft.

At the time of the accident the decedent was employed by E. I. du Pont de Nemours & Co. in Pennsylvania. Pursuant to the Pennsylvania Workmen's Compensation Act, du Pont has paid approximately $1,500 to the plaintiff as beneficiary. By virtue of Section 319 of this Act, Purdon's Pa.Stat.Ann. Title 77, § 671, du Pont is subrogated to any rights the employee or his personal representative may have against a third person to the extent that it has paid compensation.

Defendant Martin now seeks, by motion, to have du Pont joined as a party plaintiff on the ground that du Pont is a real party in interest, Rule 17, Federal Rules of Civil Procedure, 28 U.S.C.A., and is a necessary party within the meaning of Rule 19.

Subsequent to the presentation of this motion, du Pont assigned its interest, in respect of these defendants, to the plaintiff. This assignment is presented in answer to the motion.

Defendant Martin, by reply brief, has requested this Court to disregard the assignment. No contention is made denying the validity or effect of the assignment. The position taken is that a transfer of interest pendente lite operates to defeat the real party in interest provisions, hence is not to be tolerated. No authority for this proposition has been urged in its support.

This Court is of the opinion that a transfer of interest pendente lite is not prohibited by the Federal Rules of Civil Procedure. Indeed when such a transfer has been made, Rule 25(c) authorizes a substitution of parties by the Court in its discretion. There may well be situations where a transfer should not be countenanced. It does not appear that such circumstances exist in this cause.

The motion will be overruled.

Rehearing Denied.

Defendant Glenn L. Martin Company's application for rehearing seeks reconsideration of this Court's refusal to grant defendant's motion to compel joinder of E. I. du Pont de Nemours & Co. as a plaintiff. Although du Pont, as statutory subrogee under the Pennsylvania Workmen's Compensation Act, may have been a real party in interest originally, the assignment of its rights to this plaintiff was held by this Court to effectively divest du Pont of any interest in this action.

It is now urged that the assignment, having produced no real change in the position of the parties, be declared a sham and a fiction and hence be disregarded by this Court for purposes of joinder of real parties in interest. Defendant asserts that there is an obvious lack of consideration for the assignment, but "raise[s] no question as to whether the assignment is valid even without consideration." It maintains that the lack of alteration of the parties' interests serves to demonstrate a motive to avoid and circumvent Rule 17, Federal Rules of Civil Procedure.

The decisions presented by defendant, in support of its position, point out that federal courts will not permit the creation of diversity of citizenship by a sham assignment in order to invoke jurisdiction. By analogy, defendant would extend this doctrine to assignments made to avoid Rule 17.

It cannot be said that this rule governs the situation at hand. The attempt to confer jurisdiction on a court by subterfuge presents a far different and more fundamental problem. The sole effect of the challenged assignment is to constitute a different person the owner of the claim against the defendant. "Since the claim is owned and may be sued upon by some one, all a defendant may properly ask is such a party plaintiff as will render the judgment final and res adjudicata of the right sued upon", Rosenblum v. Dingfelder, 2 Cir., 1940, 111 F.2d 406, 407. It is of no moment that the assignment is for purposes of suit only and obligates the assignee to account for the proceeds to another person, Rosenblum v. Dingfelder, supra; Heitzmann v. Willys-Overland Motors, Inc., D.C.1946, 68 F.Supp. 873. This defendant is fully protected from any possible harm or prejudice which may arise from a subsequent action for the same claim.

The application for rehearing will be denied.