Lupiano, J.
(dissenting). Apart from the fact that the affidavits failed to supply facts sufficient to support the finding that the assignments were made to circumvent the provisions of CPLR 321 preventing a corporation from appearing in person, the motive for the assignments is immaterial (Schwarts *899 v. Fletcher, 238 App. Div. 554, 557; Birdsall v. Read, 188 App. Div. 46; Meisels v. Harris, 136 N. Y. S. 2d 655; Hoppe v. Russo-Asiatic Bank, 200 App. Div. 460, affd. 235 N. Y. 37; Wagner v. Braunsberg, 5 A D 2d 564). The assignments, patently valid, transferred all of the interests of the assignor to the plaintiff and he thereby acquired the right to enforce the claims by action (General Obligations Law, § 13-105). Nor does public policy require us to invalidate the assignments. Significantly, the statute (CPLR 321, subd. [a]), does not extend the prohibition against a corporation appearing for itself in our courts to an assignee (cf. General Corporation Law, § 218). The objection to a corporation appearing in person is that it is not a natural person and must act through its agents; therefore, in legal matters it must act through licensed attorneys. But when it assigns its cause of action to a natural person, for whatever reason, the statute authorizes the latter to prosecute the action in person.
I, therefore, dissent and vote to reverse the order to the extent of denying the cross motion and remitting the motions in chief to the court below for consideration and determination.
Gold, J. P., and Quinn, J., concur in Per Curiam opinion; Lupiano, J., dissents in memorandum.
Order affirmed, with $10 costs.