GANO-MOORE COAL MINING COMPANY, Respondent, *v.* W. E. DEEGANS COAL COMPANY, Appellant.

First Department, December 18, 1925.

Corporations — foreign corporation — action by one foreign corporation not doing business here against another foreign corporation — attachment — original moving papers failed to show that contract was made here — plaintiff, under General Corporation Law, § 47, cannot maintain action — attachment vacated — facts appearing on motion to vacate do not aid original papers used on application for warrant.

A warrant of attachment granted in an action by a foreign corporation not doing business in this State, against another foreign corporation, will be vacated, where the original moving papers do not state facts showing that the contract on which the cause of action was based was made in this State, for a foreign corporation does not have the right, under section 47 of the General Corporation Law, to maintain an action against another foreign corporation on a contract not made here, where it is not doing business in this State.

The fact that on the motion to vacate the attachment it was shown that the contract was actually made in this State does not aid the attachment which must depend for its validity upon the original moving papers.

APPEAL by the defendant, W. E. Deegans Coal Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 27th day of July, 1925, denying defendant's motion to vacate a warrant of attachment.

*Platt, Field & Taylor* [*Eli J. Blair* of counsel], for the appellant.

*Walter A. Hall* [*Paul T. Davis* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover damages for the breach of an alleged contract for the purchase by plaintiff from defendant of 8,000 tons of coal, at the agreed price of five dollars and ten cents per gross ton. A warrant of attachment against the property of the defendant in this State was issued upon the assigned ground " that the said defendant, W. E. Deegans Coal Company, is a foreign corporation, to wit: a corporation duly organized and existing under and by virtue of the laws of the State of West Virginia."

The affidavits upon which said warrant of attachment was issued were those of M. R. Gano, president of plaintiff corporation, and Walter A. Hall, its attorney in the present action. The affidavit of Gano showed that plaintiff was a foreign corporation, organized under the laws of the State of Delaware, having its principal place of business at Dover, Del., and its general office for the transaction of business and its executive offices at Philadelphia, Penn. He, himself, is a resident of Overbrook, Penn. Said affidavit further sets forth with particularity that defendant is a foreign corporation, organized under the laws of West Virginia, with a general and principal office at Huntington, W. Va., and an office at New York city, since discontinued. There is an averment of an oral order for the coal given at a place not specified, followed by copies of letters sent by plaintiff from its Philadelphia office to defendant at its New York office. The affidavit of plaintiff's attorney sets forth that the contract in question was made in the city of New York, but that is based solely on information and belief and in statements made to him by plaintiff's president and its Philadelphia counsel, as well as on the papers and records submitted to him. But the affidavit of plaintiff's president is to the effect that "All the dealings which I and Gano-Moore Coal Mining Company, Inc., have had with the W. E. Deegans Coal Company have been either with the office which it maintained at 25 West 43rd Street, New York City, at the time of the purchase of the coal hereinafter referred to and which office has since been discontinued, or with its general offices at Huntington, West Virginia. The said W. E. Deegans Coal Company, as above set forth, is a corporation incorporated and existing under and by virtue of the laws of the State of West Virginia and its principal office is at Huntington, West Virginia."

There are not sufficient facts shown in the affidavits on which the attachment was granted to lead even to an inference that the contract was made in New York city. The place of making the oral contract is not given and plaintiff's written confirmation of orders was made by letters from its Philadelphia office.

Not only was the warrant of attachment based on the ground that defendant was a foreign corporation, but on May 25, 1925, an order of publication was made directing the service of the summons and complaint upon defendant by publication or without the State based upon the same ground as the warrant of attachment, viz., that defendant was a foreign corporation. In the order, among the papers recited as those upon which it was based, was the complaint in the action, in which the allegation appears that the contract in question was made in the city, county and State of New York. But the fact that the contract was made in this State is not included as a ground for jurisdiction in the order for publication, which, as has been stated, is based solely on the ground that defendant is a foreign corporation. Furthermore, the affidavit on which the order of publication was made sets forth that " simultaneously with the issuance of the summons herein aforesaid, a warrant of attachment was obtained on April 27, 1925, such attachment being issued on the ground that the defendant is a foreign corporation."

The warrant of attachment did not refer to the complaint as one of the papers upon which it was granted.

Defendant then moved to vacate the warrant of attachment upon the original papers on the following grounds:

(1) That the said papers fail to show a cause of action in favor of the plaintiff against the defendant.

(2) That the plaintiff fails to present legal, competent or proper evidence of any cause of action in favor of the plaintiff.

(3) That the plaintiff does not show by affidavit that one of the causes of action specified in section 902 of the Civil Practice Act exists against the defendant.

(4) That the complaint fails to set forth any of the causes of action mentioned in sections 902, 903 and 904 of the Civil Practice Act.

(5) That it appears that the court has not jurisdiction of the subject-matter of this action.

On argument of the motion it was shown that plaintiff had never been authorized to do business in the State.

In opposition to this motion it was disclosed for the first time that the original oral agreement, referred to by plaintiff in the original papers on securing the warrant of attachment, was made by

telephone in the city of New York between plaintiff's agent, Goggin, and defendant's agent, Campbell, who was at that time defendant's district manager and in charge of its office in New York city. The order is claimed to have been made and accepted then and there, and a letterhead is set forth as then and for some time theretofore in use by defendant's New York office, as follows: " W. E. Deegans Coal Company, 1401 National Association Building, 25 West 43rd Street, New York City, telephone, Vanderbilt 9454–8163; general offices, Huntington, W. Va.; V. H. Campbell, District Manager; cable address, Deegan coal; codes, Scotts 10th Edition, Bentleys."

Of these facts there was no hint in the original papers.

Section 47 of the General Corporation Law (as added by Laws of 1920, chap. 916), formerly section 1780 of the Code of Civil Procedure, so far as applicable, provides as follows:

" § 47. Action against foreign corporation by another foreign corporation or non-resident. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:

" 1. Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the State, at the time of the making thereof."

I am of opinion that the original moving affidavits for the attachment absolutely failed to show any facts from which it could be fairly inferred that the contract in question was made in New York city. The affidavit of plaintiff's president certainly contains no such facts. The place of giving the alleged verbal order and its acceptance is not stated. The only letters set forth are those of plaintiff, with none of defendant's letters in reply included. Plaintiff's letters to defendant were all written from Philadelphia. For aught that appeared therein, the defendant's letters in reply might have come from Delaware.

The attorney's affidavit adds nothing, for it is based on information received from plaintiff's president and from its Philadelphia counsel. It has no probative force whatever, and states solely the conclusions of the attorney based on his client's statements to him and the papers produced by him, not all of which were included in the client's affidavit, as he refers to correspondence from defendant's New York office not set forth by plaintiff. His conclusion that the final acceptance of plaintiff's offer was at defendant's New York office was based on pure hearsay, as he concededly was not present thereat.

It was a requirement to confer jurisdiction in the courts of this State that this contract between two foreign corporations was made in this State, and that fact the original moving papers do not

sufficiently or satisfactorily show. Being a jurisdictional requirement, the failure to establish it could not be shown by additional affidavits in opposition to the motion to vacate the warrant of attachment. (*People* v. *St. Nicholas Bank*, 44 App. Div. 313.)

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the warrant of attachment granted, with ten dollars costs.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.