L. B. Foster Company, Inc., Plaintiff, *v.* Koppel Industrial Car and Equipment Company, Defendant.

Supreme Court, New York County, March 12, 1926.

Corporations — foreign corporation — action on London contract for sale and delivery of steel rails in Baltimore payable in New York on tender of documents — defendant having been authorized to do business here it may be inferred that it was doing business here within General Corporation Law, § 47, subd. 4 — cause of action arose here within subd. 3 of said section — State courts have jurisdiction of defendant — proof of existence of cause of action and damages sufficient to sustain attachment — proof of market price in Baltimore was not improper criterion.

In an action against a foreign corporation to recover damages for the breach of a London contract for the sale and delivery of steel rails in Baltimore payable in New York on presentation of shipping documents in which the defendant contends that it is not subject to the jurisdiction of the court, the fact that the defendant was authorized to do business in this State as a foreign corporation justifies the inference that it was doing business here within the meaning of subdivision 4 of section 47 of the General Corporation Law, authorizing the maintenance of an action against a foreign corporation doing business in this State, and furthermore while the rails were to be delivered in Baltimore they were to be paid for in New York on tender of documents at that place, and, therefore, it may fairly be said that the cause of action for breach of the contract arose in New York and is maintainable under subdivision 3 of said section.

The affidavit in behalf of the plaintiff in support of the cause of action on an application for a writ of attachment, sufficiently establishes the existence of a

**52** FOSTER CO., INC., *v.* KOPPEL INDUSTRIAL C. & EQUIPMENT CO.

Supreme Court, March, 1926.                    [Vol. 127

cause of action and also the damage suffered notwithstanding the affiant states that he was informed as to the price of the rails in Baltimore on the day of the breach of the contract to be a certain price stated, for his affidavit indicates that while he used the word " informed " he clearly meant that he knew about the price personally.

While the place of performance of the contract may have been in New York and while the cause of action for the breach thereof arose here, nevertheless the market price of steel rails in Baltimore on the day of the breach of the contract was not an improper criterion for fixing the amount of damages.

MOTIONS by defendant to dismiss the complaint for want of jurisdiction and to vacate an attachment.

*Truesdale, Nicoll, Falk & Gale* [*Edwin A. Falk* of counsel], for the plaintiff.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the defendant.

PROSKAUER, J.   The action arises from breach of a contract to deliver steel rails.   The contract was made in London and provided for an irrevocable letter of credit " payable in dollars in New York on presentation of ship documents and Hunt's certificates."   The rails were to be delivered in Baltimore unless otherwise provided. The allegations of the complaint and the affidavits are that no rails, excepting a very small amount, were ever shipped.

Defendant relies upon *Gano-Moore Coal Mining Co.* v. *Deegans Coal Co.* (214 App. Div. 634).   The court there, however, stressed that it affirmatively appeared that the defendant corporation was not authorized to do business in New York.   The proof here is affirmative that the defendant was authorized to do business in New York and had taken the necessary steps to secure this right.   It makes no affirmative allegations that it was not doing business pursuant to this license.   It is inferable from the fact of procuring the license that the corporation was acting thereunder and I think the action is maintainable under section 47, subdivision 4, of the General Corporation Law (as added by Laws of 1920, chap. 916). Irrespective of this, however, it is fairly inferable that the cause of action arose within this State and that the action is, therefore, maintainable under subdivision 3.

While the rails were to be shipped to Baltimore, the documents were to be delivered in New York and payment was to be made there against delivery of documents.   Defendant urges that the complaint predicates as the breach the failure to ship and not the failure to tender documents.   If the goods were not shipped, the documents could not have been tendered and by fair implication there is sufficient allegation of failure to tender the documents.

The averment of the affidavit that the plaintiff performed all the

conditions of the contract is sufficient.    The affiant, as to damages, swears that he has been engaged in the business for many years, that " part of his duties has been to keep himself informed of the market prices from day to day of steel rails," that he was on the day of the breach " informed of the price of 60 lb. steel rails " at Baltimore and that the price was as stated.    The defendant argues as though the word " inform " indicates hearsay.    A fair reading of the context shows that it is used in the sense that the affiant is a person informed on this subject.

Point is also made of the circumstance that the damages are predicated on the market price in Baltimore.    It may well be that the documents were to be delivered in New York, but that the market price was to be fixed as of Baltimore.    While the breach for failure to deliver the documents may have occurred in New York, the place of the delivery of the merchandise was Baltimore, and it would be unjust to vacate an attachment on this highly technical ground.    The latest cases on c. i. f. contracts make clear that the place of technical performance is not always the place as of which price is to be fixed.    (*Dwane* v. *Weil*, 199 App. Div. 719; *Willits & Patterson* v. *Abekobei & Co., Ltd.*, 197 id. 528; *Schopflocher* v. *Essgee Co. of China, Inc.*, Id. 781; *Penick & Co.* v. *Helvetia Commercial Co.*, 212 id. 519.)

Motions denied.    Orders signed.