TRANS AMERICA DEVELOPMENT CORPORATION, Respondent, v. ADOLF LEON, Appellant.

First Department, December 11, 1951.

*David Teitelbaum* of counsel (*Burr F. Coleman* with him on the brief; *Donovan Leisure Newton Lumbard & Irvine,* attorneys), for appellant.

*J. Harlin O'Connell* of counsel (*Patterson, Eagle, Greenough & Day,* attorneys), for respondent.

Dore, J. Defendant appeals from order denying his motion under rule 107 of the Rules of Civil Practice, for partial judgment dismissing so much of plaintiff's cause of action as is barred on the face of the complaint by the applicable six-year Statute of Limitations.

Plaintiff, a New York corporation, sues as assignee of one Reichbach, a nonresident living abroad, for $368,543, with interest, claimed to be an alleged unpaid balance for services performed for defendant at defendant's request "between November, 1936, and December, 1948". The complaint, as to all facts relevant to the claim, is made solely on information and belief and verified by a vice-president of plaintiff on February 5, 1951. The action was commenced February 19, 1951, and is governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). Accordingly, unless the Statute of Limitations has been tolled in some manner, the action is barred by the six-year statute so far as it relates to services allegedly performed prior to February 19, 1945. For this reason, defendant moved under rule 107 for partial judgment dismissing the complaint insofar as it relates to work prior to February 19, 1945. Special Term denied the motion; defendant appeals.

The complaint alleges on information and belief that the total value of the alleged services was $485,200, that $116,657 was paid, leaving the balance claimed of $368,543. In his moving affidavit defendant alleged that throughout the six years next preceding commencement of the action, defendant resided continuously within the State of New York under his own name in an open manner at a given address. This was not denied or questioned in the affidavit submitted on plaintiff's behalf.

In answer to defendant's motion, plaintiff contented itself with submitting one affidavit by an attorney, a member of the firm representing plaintiff, made exclusively, so far as the issues are concerned, "upon information and belief". Concededly this attorney has no personal knowledge of the facts and does not purport to set forth any facts on his own knowledge. All the facts are alleged on information and belief and the sources of information are said to be: (1) conversations in France with plaintiff's assignor, one Reichbach; and (2) examination of documents and papers in his possession relating to the subject matter of the action. The conversations with plaintiff are pure hearsay and inadmissible on a trial; and not one of the papers or documents or any part thereof is submitted by the affiant.

The affiant alleges that Reichbach is an attorney who gave up his law practice in Bucharest, Roumania, to devote his full time to promotion of defendant's financial interest in Roumania and other countries and assumed equal responsibility with defendant in conducting the affairs of three Roumanian corporations of which defendant was active head. Affiant "on information and belief" outlines the alleged nature of the agreement and Reichbach's claimed performance extending over a period of more than twelve years, and claims in a legal conclusion that the services are "not divisible" and that services performed after February 14, 1945, were rendered in furtherance of the original request made in 1936, and therefore claims the statute does not run until the services were finally completed in 1948. The affiant also asserts "on information and belief" that defendant made two partial payments on account for the services after February 19, 1945: (1) one of $325 on July 18, 1946; and (2) another of $72,000 on September 4, 1947.

In answer to these purely hearsay or conclusory allegations, defendant filed a reply affidavit to which was annexed letters from Reichbach and his son with a sworn certificate of the accuracy of the translation by a translator of the Roumanian and English languages connected with the Lawyers and Merchants Translation Bureau. In Reichbach's letter written in October, 1947, near the end of the purported twelve-year employment, he says: "I hereby declare that I owe you all that appears on my account with you as payments made on my behalf or on behalf of any members of my family, as well as the sum of about 72,000 dollars, *less* the amounts due me for the transfers (remittances) made to you by me and Nica, as well as any sums that may be due me subsequently as a result of my activities with Bumbac or of my activities in your behalf vis-à-vis (or with) La Roche." (Italics supplied.)

In the same letter, Reichbach refers to a letter from defendant of September 8, 1947, telling Reichbach that he could receive at La Roche $10,000 "pour la bonne bouche" (for a good last) and says if it is for his present services at Basle it is too much but, if it is meant for "nearly 10½ of work, worry and all that this business involved for me," it is too little.

The offer of $10,000 apparently was not received or collected and is clearly not a payment on account. Part payment is not of itself conclusive to take a case out of the statute. To make part payment within the statute, it must be shown that there **was a payment of a portion of an admitted debt, paid and**

accepted as such "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (EARL, J., in *Crow* v. *Gleason,* 141 N. Y. 489, 493). The $10,000 payment referred to is clearly not such payment on account and is not even claimed to be such by Reichbach's attorney in his affidavit.

As to the claim of continuity of services and pay, this is not such a case since the complaint admits on its face that $116,657 has already been paid; in a claim such as is here alleged, agreement to postpone compensation is not implied; and, in the absence of any facts refuting or avoiding defendant's presentation upon this motion, the court should disallow recovery for serices rendered prior to the six-year statutory period. In *Matter of Gardner* (103 N. Y. 533, 535) where there was no express agreement as to time or measure of compensation but there was a general hiring, the Court of Appeals held: "that the law would not imply an agreement that compensation should be postponed until the termination of the employment". The court in that case ruled that the statute prevented one who neglects to enforce his right of action upon a contract obligation or liability, whether express or implied from doing so after the expiration of six years from the time the cause of action accrued. The rule applicable to attorneys has no bearing since under Reichbach's attorney's version Reichbach gave up his law practice to direct defendant's financial affairs including the business of three Roumanian corporations.

As to the alleged payment on account of $325 on July 18, 1946, defendant's exhibits show that Reichbach's son writing to defendant on July 4, 1946, asks for a loan of £80 ($325) at his father's suggestion and adds "we shall settle this account at the first opportunity." In short, this alleged payment on account for services rendered is shown to be a debt personally due to defendant as debtor. This is corroborated by Reichbach's own letter of October 13, 1947, admitting that he owes defendant for various payments "made on my behalf or on behalf of any members of my family".

Notwithstanding this affirmative evidence before the court upon this motion in support of the bar of the Statute of Limitations, plaintiff has shown no facts "tending to obviate the objection" (Rules Civ. Prac., rule 108). No reply or supplemental affidavit was submitted by plaintiff in answer to defendant's second affidavit and its annexed exhibits.

The question therefore is whether in such state of facts, plaintiff presents a genuine and triable issue. This case bears some resemblance to *Corash* v. *Texas Co.* (264 App. Div. 292, 297), in which the court held " it was incumbent on plaintiff to show at least some facts in avoidance " but instead plaintiff's attorney merely stated his " information " on facts that might avoid the statute without any grounds being disclosed. Probative effect has been denied to purely hearsay affidavits by attorneys (see *Gano-Moore Coal Mining Co.* v. *Deegans Coal Co.*, 214 App. Div. 634 [1st Dept., 1925], and *Dolgoff* v. *Schnitzer,* 209 App. Div. 511 [1st Dept., 1924]).

In this case in the absence of any evidentiary facts to avoid the statute, in the face of the showing made in support of part of the claim being barred, the manifest injustice of imposing upon defendant the expense of preparing for trial relating to events that go back twelve years is accentuated by the fact that many of the transactions relate to corporations in Roumania, which is now behind the Iron Curtain.

On the state of facts here disclosed, defendant's motion should have been granted to dismiss plaintiff's claim for services alleged to have been rendered more than six years before the commencement of this action.

The order appealed from should be reversed, with $20 costs and disbursements to defendant, and defendant's motion for partial judgment granted. Settle order.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion for partial judgment granted. Settle order on notice.