■ LYNNE GOSHIN, Respondent, v. ARNOLD M. GOSHIN, Appellant.— Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated February 29, 1968, as confirmed a Special Referee's report, adjudged defendant in contempt of court for failure to make support payments, fixed the amount of arrears as to further support payments, and denied defendant's request for reduction of the support payments. Order modified, on the law and the facts, by striking out the eighth decretal paragraph and the following from the ninth decretal paragraph: " or fails to pay the said amount of $600.00 as further arrears in child support payment or any part thereof at any time or in the manner provided for in this order" and "the aforesaid arrearages of $600.00 or any part thereof remaining unpaid at the time of such commitment." As so modified, order affirmed, without costs. It was error for Special Term to have included in the order an adjudication that appellant was in arrears in support payments, in the amount of $600, for the period from November 6, 1967 through February 4, 1968, since that period was wholly beyond the date of the application to adjudge appellant in contempt of court and beyond the further period of time which, under the stipulation of the parties at the hearing before the Special Referee, was added to the application (*St. Germain* v. *St. Germain*, 25 A D 532; *Glassman* v. *Glassman*, 20 A D 2d 563; *Siegel* v. *Siegel*, 8 A D 2d 333). However, Special Term was acting within its discretion in denying appellant's motion to reduce his $50 weekly support payments. Furthermore, with respect to appellant's claim for relief from that part of the order which adjudged him to be in arrears in the amount of $460 for the 10-week period ending November 6, 1967, he should seek such relief by submitting his proof — other than the hearsay affidavit of his attorney (*Trans America Development Corp.* v. *Leon*, 279 App. Div. 189, 194) — to Special Term (CPLR 5015, subd. [a], par. 1). Finally, application for counsel fees on this appeal should likewise be made to Special Term (Domestic Relations Law, § 237, subd. [b]; § 240; *Sussman* v. *Sussman*, 13 A D 2d 464; *Fox* v. *Fox*, 263 N. Y. 68). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ MAE GRIFFIN et al., Appellants, v. WINTHROP LABORATORIES et al., Defendants, and CITY OF NEW YORK, Respondent.— Appeal by plaintiffs, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated November 28, 1967, as denied their motion to dismiss the two affirmative defenses in the answer of defendant the City of New York. Order affirmed, insofar as appealed from, without costs. The question of whether the action was timely brought (cf. CPLR 213, subd. 9; CPLR 214, subd. 6) is reserved for the trial court, which is bound only by the order appealed from and not by the decision on which it was based. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.