■ PAUL JONES, Respondent, v ST. MARY's HOSPITAL, Appellant.—Order of the Supreme Court, Kings County, entered September 11, 1975, affirmed, without costs or disbursements. The facts in this case demonstrate that Special Term properly exercised its discretion in granting plaintiff's cross motion to vacate the order of preclusion. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.

■ ARTHUR MERKLE, Respondent, v JOHN KERRIGAN, Respondent and ALLIED AVIATION SERVICE INTERNATIONAL CORPORATION, Appellant.—Order of the Supreme Court, Queens County, dated September 30, 1975, affirmed, with one bill of $50 costs and disbursements. We see no need for separate trials in this action. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ ALFRED M. MURPHY, Respondent, v EDWARD GORMAN, Appellant.— In a defamation action, defendant appeals from an order of the Supreme Court, Rockland County, entered October 29, 1974, which denied his motion to dismiss the complaint and for summary judgment. Order affirmed, without costs and disbursements. There appears to be an issue of fact which must be resolved upon a trial. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ JOAN NOELDECHEN, Respondent, v WARREN NOELDECHEN, Appellant. —In an action in which the plaintiff wife was granted a judgment of divorce, which judgment provided that the provisions of a separation agreement should survive and not be merged therein, defendant appeals from an order of the Supreme Court, Suffolk County, dated July 21, 1975, which, after a hearing, *inter alia,* (1) granted plaintiff's motion to hold him in contempt, (2) ordered that a money judgment be entered in plaintiff's favor in the sum of $2,180.85, representing arrears of child support, and (3) fined him $2,630.85. Order modified, on the law, by reducing the amount which appears in the second, third, fourth and fifth decretal paragraphs thereof, which, *inter alia,* fixed the fine, to the sum of $2,180.85. As so modified, order affirmed, without costs or disbursements. No fact questions were presented. The time within which defendant may purge himself of the contempt is extended until 30 days after entry of the order to be made hereon. It was error for the trial court, in making its contempt adjudication, to include arrears in support payments for the period of January 27, 1975 through the first week of April, 1975. That period was wholly beyond the date of the motion to adjudge defendant in contempt (see *Goshin v Goshin,* 30 AD2d 555). Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.